Willis NEWTON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13506.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1965.

R. A. Wilkerson, Pryor, for plaintiff in error.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is a matter in which the petitioner in error, hereafter referred to as the defendant, as he appeared in the trial court, was convicted of the crime of kidnapping. This matter was reconsidered on a petition for rehearing, in light of the amended statutes, as provided by the 1965 session of the State Legislature.

Defendant listed several assignments of error, but only one need be discussed in this opinion. The defendant complains that the trial court erred in permitting the testimony of one Frank Brent to be read into the record.

Frank Brent was the chief prosecution witness against this defendant, and the alleged victim of the kidnapping. On April 22, 1963 the defendant was tried before a jury, which trial resulted in a mistrial, when the jury could not reach a verdict. Frank Brent appeared and testified at that trial.

At the conclusion of the April, 1963 trial, the county attorney placed Frank Brent under bond, as a material witness. When the second trial was commenced on October 17, 1963 the prosecution's chief witness failed to appear to testify.

The prosecution introduced evidence in an effort to lay a sufficient predicate to permit the reading of the testimony of the missing witness at the prior trial of this defendant.

It is the general rule that the admission of such evidence is at the discretion of the trial judge. However, there are certain limitations within which such discretion must be exercised. The defend-

ant properly objected to the admission of this evidence, but the trial court overruled the objections, and permitted the transcript to be read into the record.

The only question to be resolved in this case is: Did the State lay sufficient predicate to read the transcript of testimony of the missing witness into the record? Under the facts and circumstances of this case, we think not.

This is not a new question before this Court, but is one which has been passed on many times. The most recent case concerning this question was Fletcher v. State, Okl.Cr., 364 P.2d 713. In that case, the complaining witness was unavailable, and this Court held that sufficient diligence had been shown by the State to lay a predicate for the purpose of reading into the record the testimony given at the preliminary hearing. However, in that case the sheriff had attempted to locate the missing witness in several cities of Oklahoma and Texas. He had corresponded with the Texas State Tag agency in an effort to learn the name of the finance company which held the mortgage on the automobile of witness. He corresponded with the finance company in an effort to learn the whereabouts of the missing party. He also showed that a thorough search of his own county had been made, without success in finding the missing witness.

■ In the Fletcher case, supra, the rule laid down in Bryant v. State, 33 Okl.Cr. 383, 244 P. 453 was quoted with approval:

"It is the well-established doctrine in this state, that where the testimony of the witness was given at a preliminary examination, and taken down by the reporter in the presence of the defendant and his counsel, who cross-examined him, and such testimony was filed with the clerk, the transcript is admissible, where the witness is not present and cannot be found in the jurisdiction."

See also Fitzsimmons v. State, 14 Okl. Cr. 80, 166 P. 453, and other cases cited.

■ This Court went on to state (in Fletcher v. State, supra) 364 P.2d at page 715, in the opinion written by the Honorable Kirksey Nix:

"Diligent effort made in good faith to produce the witness at the trial should be shown. See Golden v. State, 23 Okl.Cr. 243, 214 P. 946. The defendant is entitled to be confronted with the witness who appears against him face to face. Therefore, *a showing of due diligence must be made to lay the predicate for introduction of a transcript of the testimony of a previous preliminary hearing.*" (Emphasis supplied.)

The record in this case reveals that on October 4th the court clerk mailed a copy of the court docket to the bondsman of the missing witness. But there is no showing that the bondsman was provided with a subpoena requiring the witness to be present. The court docket alone is not sufficient notice to produce the witness.

The deputy court clerk testified that the first subpoena issued on Friday, October 11th was mailed to the court clerk of Tulsa County. She further testified that in all probability the subpoena reached the Tulsa court clerk's office the following Monday. Two other subpoenas were issued on the 14th and the 17th.

The Tulsa County deputy sheriff testified that two days before the trial commenced he received the first subpoena and went to the residence of the missing witness the following day, but failed to learn of his whereabouts. He then proceeded to inquire at several of the beer halls where Brent frequently visited, but failed to locate him. The trial court instructed the deputy sheriff to obtain another subpoena and to make another search of Tulsa County. The following day, October 18th, the deputy sheriff testified that he did make a thorough search, with the aid of the Tulsa County sheriff's office, the Tulsa police department, highway patrol, and radio and television, but failed to locate the witness.

Mr. Carl Gardner, Rogers County deputy sheriff, testified that he attempted to find the missing witness in Tulsa on October 18th and 19th. That he called the warrant officer in the Tulsa County sheriff's office, and the attorney for the missing witness, but failed to find him.

■ This Court said in Morrison et al. v. State, 59 Okl.Cr. 245, 57 P.2d 882:

"It is generally held that where the witness is temporarily absent from the state, or out of the jurisdiction of the court, and proper diligence has *not* been observed to procure his attendance, a transcript of the evidence should be rejected." (Emphasis added)

■ Due diligence implies more than partial notice, and last-minute activities. Had the county attorney been more attentive to the issuance of his subpoenas when the matter was set down for trial, the sheriff would have been provided more opportunity to locate the witness. But, in this case, it is obvious that the search for the witness took place at the last minute, which is not due diligence.

■ The county attorney has the authority, as well as the duty, to compel the attendance of witnesses to testify. In the case at hand, the record reveals that the defendant, as part of his plan of defense, was intending to rely heavily on the cross-examination of this witness. Hence, the presence of this witness was vital to both the prosecution and the defense for the trial of this case. Consequently, under these facts and circumstances, we must hold that the State has not shown due diligence in securing the presence of this witness.

■ It is the decision of this Court that the trial court erred in permitting the reading of the transcript of testimony into this record. Therefore, for the reasons stated herein, the case is reversed.

NIX, J., concurs.

BUSSEY, P. J., not participating.