Darrel W. OVERHOLT, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 2, TULSA COUNTY, Oklahoma, a/k/a Sand Springs Board of Education, District I-2, Appellee.

No. 78008.

Court of Appeals of Oklahoma, Division No. 1.

April 20, 1993.

Steven E. Smith, Tulsa, for appellant.

M. David Riggs, Stephanie L. Theban, Chapel, Riggs, Abney, Neal & Turpin, Tulsa, for appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

Appellant, Darrel W. Overholt (Overholt), commenced this action on February 7, 1991, against Independent School District No. 2, Tulsa County, Oklahoma, a/k/a The Sand Springs Board of Education, District I–2 (School). The relief sought was to reform a Warranty Deed to include a mineral reservation, and to quiet title to the mineral interest which would then be reserved from the grant. On the same day his petition was filed, Overholt filed a Motion for Summary Judgment and a supporting brief. School filed a Motion to Dismiss and a supporting brief. Both parties responded and filed objections to the other party's motions.

The Court denied Overholt's Motion for Summary Judgment, ordered that School's Motion to Dismiss be converted into a Motion for Summary Judgment (see 12 O.S. 1991 § 2012(B)), and gave each party time to amplify the motion and the response. Each party filed additional amplifying documents. Later, the Court held that Overholt's action was barred by the statute of limitations and entered judgment for School. Overholt appeals.

In 1976, Overholt was managing partner of Angus Valley Farms, a partnership (Farms). Farms owned a tract of land containing approximately 139 acres. Negotiations were conducted by Farms (through Overholt) with School (through its Superintendent and one or more Board Members) relating to the purchase and sale of a portion of said land for a new school site. In the beginning, 60 acres was involved. Agreement was reached and a proposed contract was prepared. Before the transaction was closed, it became apparent that Public Service Company would need approximately 11.39 acres for a service easement. The contract was "amended" to include this additional land so that the total number of acres became 71.39.

An unsigned copy of a contract involving 60 acres is in the record. Overholt testified in his Affidavit that it is a copy of the only contract executed by the parties. It contains a legal description of the 60 acres followed by the phrase: "less and except any mineral interests seller [Farms] may have". Neither party has produced and filed an executed copy of any contract involving either this 60 acres or the 71.39 acres which was ultimately conveyed to School. The record contains copies of the applicable minutes of the meetings of the School Board, and they show an approval of an amended contract involving the lands being purchased, presumably the 71.39 acres. The minutes of the board meetings do not mention minerals.

Overholt testified in his affidavit that it was intended by all parties that Farms would retain all minerals owned by it. Other witnesses do not remember that being the case. The record does contain a copy of the recorded deed conveying the 71.39 acres to School. The deed does not contain a mineral reservation. Because of the change of legal description [from 60 acres to 71.39 acres], someone was required to obtain the correct new legal description. Therefore, Overholt testified, he executed a deed with the legal description left blank and left it with the school officials to fill in the blank. He alleges and testifies that, by error, the phrase: "less and except any mineral interests seller may have", was omitted when the new description of the

land was typed on the previously executed deed.[1]

The transaction was closed. The deed was recorded in the office of the County Clerk in November, 1976. In 1985, the Angus Valley Farms partnership was dissolved. A copy of the Dissolution Agreement is in the record. Overholt became the owner of all of the partnership property. As to the property owned by Farms, the Dissolution Agreement described only the approximate 68 acre tract and the minerals under it, which was not sold or conveyed to School in 1976. In the month of December, 1990, Overholt learned that oil and gas drilling and production activity was being conducted on the 71.39 acres which had been conveyed to School. Since he received no royalty checks, he investigated and discovered the "mistake" in the land description contained in the 1976 deed. In addition, he obtained a mineral deed from Angus Valley Farms, dated January 14, 1991, recorded on January 22, 1991, conveying the disputed minerals to him.

The above and foregoing is not a complete recital of the evidentiary material presented to the trial court. However, it is a sufficient statement of the undisputed facts which are necessary for a decision of the dispositive question, which is the statute of limitations issue. Numerous facts were in dispute, but there was no substantial dispute as to any fact material to the issue being decided.

The parties agree that the five year statute of limitations in 12 O.S.1991 § 95 Sixth (now 12 O.S.Supp.1992 § 95 Seventh) is applicable to this action to reform a deed. We agree. Fraud is not alleged. The basis for reforming the deed is the alleged mistake. See *Maloy v. Smith*, 341 P.2d 912 (Okl.1959).[2] The legal dispute relates to the time the statute began to run. Overholt contends the statute began to run when he discovered the mistake in December, 1989, and his action is not time barred. School contends the statute began to run when the deed was recorded in the County Clerk's office in 1976 and the deed became a public record, because that was the time when Overholt had constructive notice and should have discovered the alleged mistake.

In *Panhandle Royalty Company v. Farni*, 747 P.2d 932 (Okl.1988), the Court held that defendants in a quiet title action were charged with constructive notice of a default judgment when it was rendered and filed of public record, and an attack on the judgment, based on alleged fraud, brought more than two years thereafter, was untimely.

In *Matthewson v. Hilton*, 321 P.2d 396 (Okl.1958), an action to quiet title which involved a collateral attack on a decree of distribution in a probate court on the ground of fraud, the Court held:

"Until the discovery of the fraud," as used in Tit. 12 O.S.1951 § 95(3), does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed. Constructive notice is sufficient. Where public records required by law to be kept involve the transaction in hand and afford means of discovery of the fraud, they are constructive notice of the fraud and sufficient to start the statute.

In *Matthewson v. Hilton*, the Supreme Court cited and followed *Seigle v. Richardson*, 317 P.2d 767 (Okl.1957).

In *Maloy v. Smith*, 341 P.2d 912 (Okl. 1959), supra, the Court held:

The statute of limitations does not run against the right to reform because of mutual mistake or mistake on one side and fraud or inequitable conduct on the other side until the mutual mistake, fraud or inequitable conduct is discovered *or should have been discovered.* (Emphasis supplied.)

---

1. The deed was also signed and acknowledged by the other partners. One of the other partners testified by affidavit. She remembers the transaction, but does not remember Farms contracting to reserve the minerals, and she does not remember signing a deed in blank.

2. In *Maloy v. Smith,* the Court said: If the right to recover is primarily based on fraud the two-year statute is applicable. * * * If the right to recover is based upon mutual mistake it falls within the sixth subdivision of 12 O.S.1951 § 95, which provides: "An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

We hold that the recording of the Warranty Deed being attacked here, constituted constructive notice of the alleged mistake. Recording the deed and making it a public record afforded "means of discovery" of the mistake. Overholt was charged with notice at that time and he should have discovered the omission of the mineral reservation. It follows, and we hold that the statute of limitations commenced to run on the date the deed was recorded in 1976. Thus, Overholt's action was time barred.

Summary judgment is proper when there is no substantial dispute as to any material fact, and one party is entitled to judgment as a matter of law. *Weldon v. Seminole Municipal Hosp.*, 709 P.2d 1058 (Okl.1985). Here, there was no dispute as to any material fact. The trial court correctly sustained the motion for summary judgment and entered judgment for School against Overholt. It becomes unnecessary to consider the other contentions of the parties because they would only apply to a trial on the merits.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.