2007 OK CIV APP 114

Tom HORN; Elnora R. Williams; Mary Lorene Horn; Thresa Arthur; Donna Horn; Thomas Ray Smith; Gladys Rae Alexander; Harry Horn; Lisa Kay Carter; Mary Sue Brooks; Jacqueline Chappell Johnston; Carl G. Chappell; Jerry Chappell; Betty L. Chappell; Clyde M. Horn; George R. Horn, a/k/a G.R. Horn, Jr.; Bette L. Heyer; and Lola Horn, Plaintiffs/Appellants,

v.

Larry Jake HORN and Linda Sue Horn; Fred Michael Horn, a/k/a Fred Horn, Individually; Jo Ann Horn, Individually; Fred Michael Horn, a/k/a Fred Horn and Jo Ann Horn, Trustees of the Fred Horn Loving (a/k/a Living) Trust Dated

March 27, 1990; Myrna Delores Shook; Gothic Production Corporation; Key Operating Company; Chesapeake Operating, Inc.; and Chesapeake Exploration, Limited Partnership, Defendants/Appellees.

No. 104,524.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 20, 2007.

Rehearing Denied Aug. 24, 2007.

Certiorari Denied Nov. 5, 2007.

Charles B. Davis, Norman, OK, for Plaintiffs/Appellants.

James C. Bass, Joseph P. Weaver, Bass Law Firm, El Reno, OK, for Individual and Trustee Defendants/Appellees.

ROBERT DICK BELL, Judge.

¶ 1 Plaintiffs/Appellants appeal from the trial court's grant of summary judgment in favor of the individual and trustee Defendants/Appellees in Plaintiffs' action to reform two deeds, quiet title to certain mineral interests and for an accounting. For the reasons set forth below, we affirm the judgment of the trial court.

¶ 2 By two quitclaim deeds filed of record in 1971 and 1974, respectively, Plaintiffs' predecessors in interest conveyed all of their rights in and to certain described lands, without reservation, to the predecessors in interest of the individual and trustee Defendants/Appellees (Defendants).[1] In 2006, Plaintiffs filed the instant action contending their predecessors intended to convey only the surface rights to said property. Their petition sought to reform the two deeds on the basis of mutual mistake, fraud or inequitable conduct on the part of the grantee, Defendants' predecessor. Plaintiffs also sought to quiet title in the mineral estate and asked for an accounting.

¶ 3 Defendants moved for summary judgment, contending Plaintiffs' claims are time barred. The trial court granted the motion, holding (1) the two deeds clearly and unambiguously show the grantors conveyed all of their interest to the described lands, without reservation, to the grantee; (2) the statute of limitations for reformation of deed based on mistake, inequitable conduct or fraud began to run on the dates the deeds were recorded; and (3) Plaintiffs' claims are time barred. From said judgment, Plaintiffs appeal. This

1. Defendants Gothic Production Corporation, Key Operating Company, Chesapeake Operating, Inc., and Chesapeake Exploration, Limited Partnership, all of which operated wells covering the minerals that are the subject of this suit, are not parties to this appeal.

matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 4 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Coop.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶ 5 Title 12 O.S. Supp.2005 § 95(A) provides in relevant part:

Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

\* \* \*

3. Within two (2) years: ...; an action for relief on the ground of fraud-the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;

\* \* \*

12. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued.

In *Overholt v. Independent Sch. Dist.* 2, 1993 OK CIV APP 75, ¶ 8, 852 P.2d 823, 825, the Court held 12 O.S.1991 § 95 (Sixth) (now § 95(12)) applies to causes of action to reform a deed on the ground of alleged mistake. *Accord Maloy v. Smith,* 1959 OK 69, ¶ 24, 341 P.2d 912, 917. "If the right to recover is primarily based on fraud the two-year statute is applicable." *Id.* The five-year statute of limitations set forth in subsection 12 applies "if the right to recover is based upon inequitable conduct which falls short of fraud." *Id.*

¶ 6 At issue in this proceeding is whether Plaintiffs' action is time barred. Plaintiffs contend any limitations period was tolled until 2005, when one of them received a letter from Chesapeake Energy Corporation regarding the drilling of a test well on or near the subject property. It was only then that Plaintiffs "discovered" the mistake/fraud/inequitable conduct by reviewing the recorded deeds. Defendants maintain the statute of limitations began to run upon the respective filing of the two deeds. We agree.

¶ 7 In *Overholt,* the Court addressed a substantially similar set of facts. There, the plaintiff's partnership executed a warranty deed in 1976 which conveyed all rights to a certain parcel of land to the defendant. The deed did not contain a mineral reservation. In 1991, the plaintiff sued to reform the deed on the ground of alleged mistake, contending the partnership intended to convey only the surface estate to the defendant. Citing several Oklahoma Supreme Court decisions, the appellate court held the action was barred by the five-year statute of limitations. *Overholt,* 1993 OK CIV APP 75 at ¶¶ 8–12, 852 P.2d at 825.

¶ 8 The *Overholt* Court noted:

In *Panhandle Royalty Company v. Farni,* [1987 OK 89,] 747 P.2d 932 ..., the Court held that defendants in a quiet title action were charged with constructive notice of a default judgment when it was rendered and filed of public record, and an attack on the judgment, based on alleged fraud, brought more than two years thereafter, was untimely.

In *Matthewson v. Hilton,* [1958 OK 6,] 321 P.2d 396 ..., an action to quiet title which involved a collateral attack on a decree of distribution in a probate court on the ground of fraud, the Court held:

"Until the discovery of the fraud," as used in Tit. 12 O.S.1951 § 95(3), does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed. Constructive notice is sufficient. Where public records required by law to be kept involve the transaction in

hand and afford means of discovery of the fraud, they are constructive notice of the fraud and sufficient to start the statute.

In *Matthewson v. Hilton*, the Supreme Court cited and followed *Seigle v. Richardson*, [1957 OK 58,] 317 P.2d 767 . . .

In *Maloy v. Smith*, [1959 OK 69,] 341 P.2d 912 . . ., the Court held:

> The statute of limitations does not run against the right to reform because of mutual mistake or mistake on one side and fraud or inequitable conduct on the other side until the mutual mistake, fraud or inequitable conduct is discovered *or should have been discovered.* (Emphasis supplied.)

*Overholt,* 1993 OK CIV APP 75 at ¶¶ 9–11, 852 P.2d at 825.

¶ 9 In the present case, Plaintiffs were charged with constructive notice of any alleged mistake/fraud/inequitable conduct concerning the two quitclaim deeds when the deeds were filed of record in 1971 and 1974, respectively. Plaintiffs' claim for reformation filed more than 30 years later, whether based primarily on fraud or on mistake/inequitable conduct, is time barred. Their remaining claims for an accounting and to quiet title, which are contingent upon reformation of the deeds, similarly fail.

¶ 10 On the basis of the foregoing and after *de novo* review of the record, we hold there exist no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. The two quitclaim deeds unambiguously conveyed all the rights of Plaintiffs' predecessors in interest to the subject property, without any mineral reservation, to Defendants' predecessors in interest. Plaintiffs' suit to reform said deeds, as well as their two other related claims, is barred by limitations. Therefore, we hold the trial court properly granted Defendants' motion for summary judgment.

¶ 11 AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.