2010 OK CIV APP 66

**PANGAEA EXPLORATION CORPORATION, Successor to Mickey J. Overall, Plaintiff/Appellee,**

v.

**Sarah RYLAND, Marie Billings, Grace Arlene Billings, Barbara Ann Gill, Ross Lee Thomas, Judith Marie Teeple, Mildred Ellis, Georgia Burlingame, Jacob W. Blevins, Ruth M. Blevins, Bill Dolan, Barth Campbell, Denise Campbell, Kevin Campbell, James Lynn Blevins, Roy Phillip Blevins, Arleta Gayle Blevins, Steven Ellis Blevins, Michelle Blevins, Jeffery Kent Blevins, David M. Blevins, Elizabeth Billings, Phern Billings, and John M. Billings, Defendants/Third–Party Plaintiffs/Appellants,**

v.

**Oklahoma Title & Closing Company, Inc., Third–Party Defendant/Appellant.**

No. 106,712.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 22, 2010.

Rehearing Denied March 25, 2010.

Richard Gore, Travis P. Brown, Mahaffey & Gore, P.C., Oklahoma City, OK, for Plaintiff/Appellee.

Timothy Allen Heefner, David D. Proctor, II, Goolsby, Proctor, Heefner & Gibbs, P.C., Oklahoma City, OK, for Defendants/Third–Party Plaintiffs/Appellants.

Robert S. Lafferrandre, Peter L. Wheeler, Larry G. Cassil, Jr., Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, OK, for Third–Party Defendant/Appellant, Oklahoma Title & Closing Company, Inc.

ROBERT DICK BELL, Vice Chief Judge.

¶1 Defendants/Third–Party Plaintiffs/Appellants, Sarah Ryland, Marie Billings, Barbara Ann Gill, Ross Lee Thomas, Mildred Ellis, Georgia Burlingame, Jacob W. Blevins, Ruth M. Blevins, Bill Dolan, Barth Campbell, Denise Campbell, Kevin Campbell, James Lynn Blevins, Roy Phillip Blevins, Arleta Gayle Blevins, Steven Ellis Blevins, Michelle

Blevins, Jeffery Kent Blevins, David M. Blevins, and John M. Billings (Grantors) and Third–Party Defendant/Appellant, Oklahoma Title & Closing Company, Inc.,[1] appeal from the trial court's summary judgment granted in favor of Plaintiff/Appellee, Pangaea Exploration Corporation (Pangaea). The trial court determined Grantors' reformation action was time-barred before Grantors filed a claim against certain mineral interests in Logan County and before Pangaea's quiet title action arose. Based on these determinations, the trial court entered judgment quieting Pangaea's title to said mineral interests. We affirm.

¶2 On September 5, 1997, Grantors entered into a Contract of Sale of Real Estate with Larry K. Wilson and Shirley E. Wilson (Contract). The Contract expressly stated "There are *no* mineral rights that go with the property." The warranty deeds dated October 3 and 23, 1997, which conveyed Grantors' interest in the subject real property, were filed of record January 12, 1998, with the Logan County Clerk. The warranty deeds contained no reservation of minerals.

¶3 In May 2004, the Wilsons had the minerals in and under the subject property appraised. Grantors claimed the Wilsons' actions in 2004 provided the first notice that the Wilsons were adversely claiming an interest in the minerals. In July 2004, Grantors recorded the Contract and a Notice of Claim of Interest to All Mineral Rights (Notice) against the subject property with the Logan County Clerk. The Notice claimed Grantors did not intend to convey the minerals with the surface.

¶4 On January 11, 2005, Larry Wilson executed a quit claim mineral deed conveying the minerals in and under the real property to Mickey Overall. Overall filed the instant quiet title action August 11, 2005. Grantors' answer asserted Overall's quiet title action was barred by mistake and estoppel. Grantors filed a counterclaim for quiet title and for reformation of the deeds due to mutual mistake. Grantors claimed they were entitled to this equitable relief because (1) the Contract expressly excluded mineral rights from the sale, but through a scrivener's error, the warranty deeds failed to reserve the mineral interests in the real property, and (2) Overall was on notice of Grantors' adverse claim to the minerals before he obtained title to the minerals.

¶5 Pangaea was substituted as Plaintiff. Pangaea filed a motion for summary judgment asserting Grantors' quiet title claim—which necessitated the reformation of the October 3 and 23, 1997, deeds due to mutual mistake—was time-barred under the five year limitations period of 12 O.S.2001 § 95(A)(12). Grantors refuted their counterclaim was untimely. Grantors argued the limitations period to bring their reformation claim did not begin to run until they discovered the mistake in May 2004, when the Wilsons took actions adverse to the Grantors' interests.

¶6 The trial court held the five year limitations period at § 95(A)(12) was applicable. It determined the filing of the deeds constituted constructive notice of and afforded a means to discover the mistake. Pursuant to *Overholt v. Indep. School Dist. No. 2, Tulsa County,* 1993 OK CIV APP 75, 852 P.2d 823, the trial court charged Grantors with constructive notice of the mistake. The trial court concluded Grantors reformation claim—which was made more than five years after the deeds were recorded—was time-barred and it quieted Pangaea's title in and to the minerals.

¶7 Grantors appealed that judgment in Case No. 104,402. The Court of Civil Appeals (COCA) reversed. COCA held the trial court should have determined whether the limitations period for the reformation counterclaim expired before Pangaea's claim arose pursuant to 12 O.S.2001 § 2013(C).[2]

---

1. The trial court dismissed Defendants Grace Arlene Billings, Judith Marie Teeple, Elizabeth Billings, and Phern Billings as parties at Pangaea's request.

2. Section 2013(C) provides in part:

C. COUNTERCLAIM EXCEEDING OPPOSING CLAIMS; STATUTES OF LIMITATION. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party. Where a

COCA found the fifteen-year limitations period for Pangaea's quiet title claim began to run when the Notice—which created a cloud on the title to the minerals—was filed. COCA held the five year limitations period for reformation of a deed, based on a mutual mistake, began to run when Grantors knew or should have known of the mistake. COCA noted Grantors and the Wilsons were operating under a mutual mistake of fact as to the terms of the deeds and remanded for trial the issues as to when Grantors knew or should have known of the mistake and whether Grantors' counterclaim was timely under § 2013(C).

¶ 8 On remand, Pangaea again moved for summary judgment in its favor. Pangaea claimed Grantors' reformation claim was barred under § 2013(C) because the counterclaim was time-barred prior to the time Pangaea's quiet title action arose. Pangaea cited *Overholt* and *Horn v. Horn,* 2007 OK CIV APP 114, 172 P.3d 228, for the proposition that the recording of the deeds was constructive notice of the mistake; thus, the limitations period ran from the recording date. The trial court sustained Pangaea's motion for summary judgment and quieted Pangaea's title to the minerals. The court held Grantors' claim to reform the deeds dated October 3 and 23, 1997, and filed of record on January 12, 1998, was time-barred prior to the filing by Grantors of their Notice on July 13, 2004, and the filing of the Pangaea's quiet title case. Grantors and Oklahoma Title & Closing Company, Inc. now appeal from that judgment. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App. This Court's standard of review of a trial court's grant of summary judgment is *de novo.* *Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52.

¶ 9 For summary judgment purposes, the parties conceded the deeds dated October 3 and 23, 1997, mistakenly failed to reserve the mineral interests. They also agreed an action for reformation, due to mistake, must be brought within five years after the cause of action has accrued and that said action accrues when the plaintiff discovered or should have discovered the mistake. The question on appeal is when did the limitations period begin to run? In the trial court proceeding, Grantors asserted the limitation period for their reformation claim did not begin to run until 2004 because this was the first time Mr. Wilson took actions adverse to Grantors' claim to the mineral rights. Grantors cited *Maloy v. Smith,* 1959 OK 69, 341 P.2d 912, as support for the propositions that the limitations period does not necessarily run from the execution date of the deeds and said limitations period is tolled until an attempt is made to assert the deed against the grantors which requires them to ask for reformation to protect their rights.

¶ 10 Grantors' reliance on *Maloy* was misplaced. The principle in *Maloy*—that the statute of limitations is tolled "until an adverse claim arose"—is limited to circumstances where the party seeking reformation or his predecessor has been in the *peaceable continuous possession* of the interest which he seeks to acquire by reformation. *Maloy* at ¶ 9, 341 P.2d at 915. The rationale for this rule "is that if one is asserting peaceable dominion over and obtaining the benefit from that which he claims he acquired by the conveyance in question, he is entitled to assume that the other party to the instrument is acquiescing in his claim." *Id.* at ¶ 12, 341 P.2d at 915.

¶ 11 It is uncontroverted, Pangaea and its predecessors have been the continuous record title owners of the minerals since January 1998. *Maloy* clarified the record owner of the controverted mineral interest is the person who must be deemed to be "in possession" of said mineral interest. *Id.* at ¶ 22,

---

counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed, and the counterclaimant shall not be precluded from recovering an affirmative judgment. . . . Where a counterclaim was barred by a statute of limitation before the claim of the opposing party arose, the barred counterclaim cannot be used for any purpose.

341 P.2d at 917. Accordingly, Pangaea and its predecessors are the parties *in possession* of the minerals and the Grantors are parties *out of possession* of the subject mineral interests. As parties out of possession, Grantors may not assert the equitable defense that the limitations period for their reformation claim was tolled until Wilson took actions adverse to Grantors' claim to the mineral interests. Instead, the five year limitations period for Grantors' reformation claim began to run when Grantors discovered or should have discovered the mistake in the deeds.

¶ 12 The next question is when should Grantors be charged with discovering the mistake in the deeds? We hold the public records afforded Grantors with a means of discovery of the mistake; therefore, said records provided constructive notice of the mistake which was sufficient to start the running of the five year statute of limitations. *Matthewson v. Hilton*, 1958 OK 6, 321 P.2d 396 (Syllabus by the Court). Because the statute of limitations period began to run on January 12, 1998, the five year limitations period for Grantors' reformation action expired January 2003. Grantors filed their Notice in 2004, after the limitations period expired. The Notice clouded Pangaea's title to the minerals and was the instrument that gave rise to Pangaea's quiet title action. Accordingly, Grantors' reformation claim was time-barred before Pangaea's quiet title action arose. Under these facts, the trial court properly determined the Grantors' reformation claim was time-barred under § 2013(C).

¶ 13 For the foregoing reasons and after *de novo* review of the record, we hold summary judgment was properly granted to Pangaea and affirm the trial court's judgment. Because we affirm, it is unnecessary to address the remainder of Grantors' propositions of error. Pangaea's motion to dismiss the petition-in-error filed by Oklahoma Title & Closing Company, Inc. is denied.

¶ 14 AFFIRMED.

JOPLIN, P.J., and MITCHELL, J., concur.