2014 OK CIV APP 28

Martha Alice Overstreet KAIL,
Plaintiff/Appellant,

v.

Kathleen Dunnam KNUDESON, Individually and Kathleen Knudeson, Anne Terry, Kim G. Knudeson, Trustees of the Kathleen Knudeson Trust Dated November 2, 2009, Defendants/Third Party Plaintiffs/Appellees,

and

Maudress Elaine Overstreet, Mary J. Bell, Thomas G. Overstreet, Elizabeth Overstreet, Charles A. Overstreet, John Thomas Overstreet, Russell Overstreet, Mary Russell, Dora Littlefield, Minnie Rabon, Lela Fort, Maggie Mae Overstreet, Dayton Overstreet, Geneva Overstreet, Sengal Overstreet, Victor Overstreet and Ruby Belle Overstreet, Third Party Defendants.

No. 110284.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 21, 2014.

Chris W. Blankenship, A.J. Garcia, Blankenship Law Firm, P.C., Stigler, Oklahoma, for Plaintiff/Appellant.

Dean E. Warren, Hamilton, Warren & Bovos, Poteau, Oklahoma, for Defendant/Appellee Kathleen Dunnam Knudeson.

ROBERT D. BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant, Martha Alice Overstreet Kail, appeals from the trial court's judgment (1) denying Plaintiff's petition to set aside or reform a deed and (2) quieting title to the subject real property in Plaintiff and the Third Party Plaintiffs as tenants in common. For the reasons set forth below, we affirm.

¶ 2 Plaintiff, who resides in New Hampshire, is the daughter of Geneva Overstreet. Defendant/Appellee, Kathleen Dunnam Knudeson, is Overstreet's niece and Plaintiff's cousin. Defendant is a resident of Oregon. On May 4, 2001, Overstreet caused to be drafted a Warranty Deed regarding the Subject Property, an eighty (80) acre parcel of land Overstreet owned in LeFlore County. The deed conveyed the real property to Plaintiff and Defendant "as joint tenants with right of survivorship and not as tenants in common...." The deed also contained a clause stating:

> IT IS THE INTENTION of all the parties of this deed that title shall vest in the grantees as joint tenants, so that on the death of one of them the survivor will take the whole estate herein conveyed.

The deed was drafted by an employee of the LeFlore County Clerk's Office and was executed by Overstreet in Plaintiff's presence. The deed was filed of record in the Clerk's Office the same day, May 4, 2001, and delivered to Plaintiff. Overstreet died later that year. Defendant did not become aware of the deed until 2005. The record also discloses Overstreet executed a second deed on May 4, 2001, transferring title to another parcel of property to herself and Plaintiff as joint tenants.

¶ 3 On August 13, 2009, Defendant deeded her interest in the Subject Property to her daughter, Priscilla Ann Terry. The following day, Terry and her husband deeded the Subject Property back to Defendant. On November 2, 2009, Defendant deeded the Subject Property to herself and her two children, Third Party Plaintiffs Ann Terry and Kim G. Knudeson, as Trustees of the Kathleen Knudeson Trust Dated November 2, 2009. All three deeds were filed of record in the LeFlore County Clerk's Office.

¶ 4 On May 20, 2010, Plaintiff filed the instant action to set aside or reform the 2001 Warranty Deed. Plaintiff's petition claimed, among other things, that Defendant unduly influenced Overstreet to obtain an interest in the Subject Property. Alternatively, Plaintiff asked that the deed be reformed to re-

flect the true intent of Overstreet, which Plaintiff claimed was to create a joint tenancy that Defendant could not break. Third Party Plaintiffs moved, and were granted permission, to intervene and bring a quiet title action against various Third Party Defendants who might claim an interest in the Subject Property. Specifically, Third Party Plaintiffs asserted they are one-half owners with Plaintiff as tenants in common. Defendant also moved to dismiss Plaintiff's petition on limitations grounds. Plaintiff responded that title should be quieted in her alone and that the five-year statute of limitations was tolled until Defendant severed the joint tenancy in 2009. Plaintiff's filings also intimated Overstreet suffered from diminished capacity when she executed the Subject Property deed.

¶ 5 Because of Defendant's declining health, defense counsel sought permission from the trial court to take Defendant's deposition by telephone and to submit her deposition in lieu of live testimony at trial. The defense presented the trial court a letter from Defendant's doctor advising against her traveling to Oklahoma for trial. When Plaintiff objected, the trial court granted Plaintiff the opportunity to obtain an independent medical examination of Defendant to determine if she was healthy enough to travel to Oklahoma. Plaintiff failed to make such arrangements. The trial court then entered an order allowing telephone depositions of Defendant in Oregon and Plaintiff in New Hampshire. Both depositions were admitted at trial; Defendant's deposition over Plaintiff's objection. The trial also consisted of documentary evidence and live testimony from Plaintiff and the LeFlore County Clerk employee who prepared and notarized the Subject Property deed.

¶ 6 Among other things, Plaintiff testified she attempted to dissuade Overstreet from deeding the Subject Property to Defendant and suggested instead that Overstreet give Defendant some money. Plaintiff testified her mother insisted, "I should deed [Defendant] something." However, Plaintiff maintained Overstreet never wanted the joint tenancy to be broken and did not want Defendant's children to inherit the Subject Property. Plaintiff testified she drove Overstreet to the LeFlore County Clerk's Office on May 4, 2001, witnessed Overstreet execute and file the deed, and obtained a copy of the deed for herself. Her testimony also confirmed Defendant was in Oregon at that time.

¶ 7 By deposition, Defendant testified she had visited Overstreet in late April 2001, but exerted no influence on her regarding the Subject Property. Defendant also testified she and Overstreet maintained a very close relationship her entire life. Countering Plaintiff's allegations, Defendant claimed her aunt did not want Plaintiff's husband to inherit the Subject Property. She also asserted Plaintiff relented to the creation of a joint tenancy estate because Plaintiff, who is twelve years younger than Defendant, always assumed she would outlive Defendant and acquire the whole estate.

¶ 8 Following trial, the trial court held Plaintiff's petition was barred by the five-year statute of limitations, 12 O.S. Supp.2009 § 95(A)(12), which began to run when the deed was filed. The court specifically rejected Plaintiff's contention that the limitations period was tolled until 2009 when Defendant severed the joint tenancy. The trial court also held Plaintiff failed to present clear and convincing evidence that Defendant unduly influenced Overstreet to execute the deed or that the deed was procured by fraud. The court quieted title to the Subject Property one-half in Plaintiff and one-half in Third Party Plaintiffs as tenants in common. Finally, the trial court ordered the Subject Property partitioned. From said judgment, Plaintiff appeals.

¶ 9 This Court's standard of review of a trial court's order granting a motion to dismiss is *de novo*. *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 4, 230 P.3d 853. "Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." *Fanning v. Brown*, 2004 OK 7, ¶ 8, 85 P.3d 841. An action to reform or set aside a deed is an equitable one. *Cleary Petroleum Corp. v. Harrison*, 1980 OK 188, ¶ 11, 621 P.2d 528. "The traditional standard of review in equity suits charges this court with the responsibili-

ty to examine the entire record to determine whether the decree is against the clear weight of the evidence or contrary to law." *Id.*

■ ¶ 10 Although identified as nine separate propositions of error, the essence of Plaintiff's appeal is the trial court erred by (1) permitting Defendant to be deposed via telephone and admitting such deposition at trial, and (2) dismissing Plaintiff's petition as time-barred. Regarding the deposition, Plaintiff's brief-in-chief asserts the Oklahoma Discovery Code does not authorize telephonic depositions. As Defendant correctly points out in her answer brief, however, 12 O.S. Supp.2005 § 3230(C)(6) specifically authorizes depositions to "be taken by telephone or other remote electronic means." The trial court did not err by permitting Defendant (or Plaintiff) to be deposed by telephone.

■ ¶ 11 Plaintiff's reply brief then urges the defense failed to show, and the trial court failed to make a finding, that Defendant was unavailable to testify before admitting her deposition transcript at trial. Title 12 O.S. Supp.2002 § 2804(B)(1) permits depositions to be admitted in lieu of testimony at trial "if the declarant is unavailable as a witness." "Unavailability as a witness" is defined at § 2804(A)(4) as the inability of a witness "to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; ..." As previously stated, the defense presented the trial court with a medical opinion that, due to health reasons, Defendant should not travel from Oregon to Oklahoma for trial. Plaintiff was given the option of obtaining an independent medical opinion regarding Defendant's state of health and chose not to do so. Plaintiff also concedes in her appellate filings that Defendant did, in fact, "present[ ] documentation allegedly supporting ... that [she] is unable to travel...."

■ ¶ 12 The judgment under review notes the subject of Defendant's deposition originally arose in November 2010 and it was later discussed at a pretrial conference. Plaintiff did not designate for inclusion in the appellate record any documents or records associated with either of those hearings.

"Absent a record showing otherwise, this court presumes that the trial court did not err." *Hamid v. Sew Original,* 1982 OK 46, &57 6, 645 P.2d 496. Further, the admissibility of previous testimony at trial "is at the discretion of the trial judge." *Newton v. State,* 1965 OK CR 102, ¶ 6, 403 P.2d 913. We find no abuse of discretion in the trial court's decision to admit Defendant's deposition testimony at trial.

■ ¶ 13 As for Plaintiff's complaint that the trial court erred in failing to make specific findings of fact regarding admission of the deposition testimony, the record does not indicate Plaintiff requested the trial court make such findings. Thus, the trial court was not required to detail its findings in the judgment. 12 O.S.2011 § 611.

■ ¶ 14 The five-year statute of limitations at 12 O.S. Supp.2009 § 95(A)(12) "applies to causes of action to reform a deed on the ground of alleged mistake." *Horn v. Horn,* 2007 OK CIV APP 114, ¶ 5, 172 P.3d 228. "If the right to recover is primarily based on fraud the two-year statute is applicable." *Id., quoting Maloy v. Smith,* 1959 OK 69, ¶ 24, 341 P.2d 912. "The five-year statute of limitations set forth in subsection 12 applies 'if the right to recover is based upon inequitable conduct which falls short of fraud.'" *Horn* at ¶ 5, *quoting Maloy* at ¶ 24.

■ ¶ 15 With respect to alleged fraud or inequitable conduct, the only action Defendant took in this case was to transfer her interest in the Subject Property to a trust, thus severing the joint tenancy and creating a tenancy in common. Such action is perfectly legal. "In the case of two joint tenants, the concept of joint tenancy with right of survivorship *permits each owner to alienate* and hold his share at the same time he 'and the other or others hold the entire property as by a single ownership.'" *In re Estate of Metz,* 2011 OK 26, ¶ 7, 256 P.3d 45, *quoting Shackelton v. Sherrard,* 1963 OK 193, 385 P.2d 898 (emphasis added). Plaintiff presented no evidence of fraud or inequitable conduct and cites no law prohibiting Defendant's actions.

■ ¶ 16 The only alleged "mistake" Plaintiff refers to is her (and allegedly her

mother's) mistaken impression that a joint tenancy could never be broken. "[I]n most instances, ignorance of the law is no excuse, and every person is presumed to know the law." *Estes v. ConocoPhillips Co.*, 2008 OK 21, 22, 184 P.3d 518. Further, Plaintiff's reliance upon the "intent" clause in the deed is of no avail. Such language is merely a restatement of the general character of a joint tenancy: absence severance, the death of one tenant results in the surviving tenant acquiring the whole estate. *Metz*, 2011 OK 26 at ¶ 8, 256 P.3d 45. The clause did not create an unassailable joint tenancy incapable of being severed.

¶ 17 The deed at issue was executed and filed of record on May 4, 2001. It is undisputed Plaintiff had actual knowledge of the deed, as she accompanied her mother to the Clerk's Office, witnessed her execute and file the deed, and obtained a copy thereof for herself. Plaintiff has advanced no tenable theory for tolling the five-year statute of limitations, which expired on May 4, 2006. Plaintiff's petition, filed on May 20, 2010, was untimely.

¶ 18 AFFIRMED.

MITCHELL, J., and GOREE, J., concur.