OSCN Found Document:KAIL v. KNUDESON

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 KAIL v. KNUDESON
2014 OK CIV APP 28
Case Number: 110284
Decided: 02/21/2014
Mandate Issued: 03/26/2014
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 28, __ P.3d __

MARTHA ALICE OVERSTREET KAIL, 
Plaintiff/Appellant,
v.
KATHLEEN DUNNAM KNUDESON, Individually and 
KATHLEEN KNUDESON, ANNE TERRY, KIM G. KNUDESON, TRUSTEES OF THE KATHLEEN 
KNUDESON TRUST DATED NOVEMBER 2, 2009, Defendants/Third Party 
Plaintiffs/Appellees,
and
Maudress Elaine Overstreet, Mary J. Bell, Thomas 
G. Overstreet, Elizabeth Overstreet, Charles A. Overstreet, John Thomas 
Overstreet, Russell Overstreet, Mary Russell, Dora Littlefield, Minnie Rabon, 
Lela Fort, Maggie Mae Overstreet, Dayton Overstreet, Geneva Overstreet, Sengal 
Overstreet, Victor Overstreet and Ruby Belle Overstreet, Third Party 
Defendants.

APPEAL FROM THE DISTRICT COURT OF
LeFLORE COUNTY, 
OKLAHOMA
HONORABLE JONATHAN K. SULLIVAN, JUDGE

AFFIRMED

Chris W. Blankenship, A.J. Garcia, BLANKENSHIP LAW FIRM, P.C., Stigler, 
Oklahoma, for Plaintiff/Appellant,
Dean E. Warren, HAMILTON, WARREN & 
BOVOS, Poteau, Oklahoma, for Defendant/Appellee Kathleen Dunnam 
Knudeson.


ROBERT D. BELL, PRESIDING JUDGE:
¶1 Plaintiff/Appellant, Martha Alice Overstreet Kail, appeals from the trial 
court's judgment (1) denying Plaintiff's petition to set aside or reform a deed 
and (2) quieting title to the subject real property in Plaintiff and the Third 
Party Plaintiffs as tenants in common. For the reasons set forth below, we 
affirm.
¶2 Plaintiff, who resides in New Hampshire, is the daughter of Geneva 
Overstreet. Defendant/Appellee, Kathleen Dunnam Knudeson, is Overstreet's niece 
and Plaintiff's cousin. Defendant is a resident of Oregon. On May 4, 2001, 
Overstreet caused to be drafted a Warranty Deed regarding the Subject Property, 
an eighty (80) acre parcel of land Overstreet owned in LeFlore County. The deed 
conveyed the real property to Plaintiff and Defendant "as joint tenants with 
right of survivorship and not as tenants in common . . . ." The deed also 
contained a clause stating:

 
 IT IS THE INTENTION of all the parties of this deed that title shall vest 
 in the grantees as joint tenants, so that on the death of one of them the 
 survivor will take the whole estate herein 
conveyed.
The deed was drafted by an employee of the LeFlore County Clerk's Office and 
was executed by Overstreet in Plaintiff's presence. The deed was filed of record 
in the Clerk's Office the same day, May 4, 2001, and delivered to Plaintiff. 
Overstreet died later that year. Defendant did not become aware of the deed 
until 2005. The record also discloses Overstreet executed a second deed on May 
4, 2001, transferring title to another parcel of property to herself and 
Plaintiff as joint tenants.
¶3 On August 13, 2009, Defendant deeded her interest in the Subject Property 
to her daughter, Priscilla Ann Terry. The following day, Terry and her husband 
deeded the Subject Property back to Defendant. On November 2, 2009, Defendant 
deeded the Subject Property to herself and her two children, Third Party 
Plaintiffs Ann Terry and Kim G. Knudeson, as Trustees of the Kathleen Knudeson 
Trust Dated November 2, 2009. All three deeds were filed of record in the 
LeFlore County Clerk's Office.
¶4 On May 20, 2010, Plaintiff filed the instant action to set aside or reform 
the 2001 Warranty Deed. Plaintiff's petition claimed, among other things, that 
Defendant unduly influenced Overstreet to obtain an interest in the Subject 
Property. Alternatively, Plaintiff asked that the deed be reformed to reflect 
the true intent of Overstreet, which Plaintiff claimed was to create a joint 
tenancy that Defendant could not break. Third Party Plaintiffs moved, and were 
granted permission, to intervene and bring a quiet title action against various 
Third Party Defendants who might claim an interest in the Subject Property. 
Specifically, Third Party Plaintiffs asserted they are one-half owners with 
Plaintiff as tenants in common. Defendant also moved to dismiss Plaintiff's 
petition on limitations grounds. Plaintiff responded that title should be 
quieted in her alone and that the five-year statute of limitations was tolled 
until Defendant severed the joint tenancy in 2009. Plaintiff's filings also 
intimated Overstreet suffered from diminished capacity when she executed the 
Subject Property deed.
¶5 Because of Defendant's declining health, defense counsel sought permission 
from the trial court to take Defendant's deposition by telephone and to submit 
her deposition in lieu of live testimony at trial. The defense presented the 
trial court a letter from Defendant's doctor advising against her traveling to 
Oklahoma for trial. When Plaintiff objected, the trial court granted Plaintiff 
the opportunity to obtain an independent medical examination of Defendant to 
determine if she was healthy enough to travel to Oklahoma. Plaintiff failed to 
make such arrangements. The trial court then entered an order allowing telephone 
depositions of Defendant in Oregon and Plaintiff in New Hampshire. Both 
depositions were admitted at trial; Defendant's deposition over Plaintiff's 
objection. The trial also consisted of documentary evidence and live testimony 
from Plaintiff and the LeFlore County Clerk employee who prepared and notarized 
the Subject Property deed.
¶6 Among other things, Plaintiff testified she attempted to dissuade 
Overstreet from deeding the Subject Property to Defendant and suggested instead 
that Overstreet give Defendant some money. Plaintiff testified her mother 
insisted, "I should deed [Defendant] something." However, Plaintiff maintained 
Overstreet never wanted the joint tenancy to be broken and did not want 
Defendant's children to inherit the Subject Property. Plaintiff testified she 
drove Overstreet to the LeFlore County Clerk's Office on May 4, 2001, witnessed 
Overstreet execute and file the deed, and obtained a copy of the deed for 
herself. Her testimony also confirmed Defendant was in Oregon at that time.
¶7 By deposition, Defendant testified she had visited Overstreet in late 
April 2001, but exerted no influence on her regarding the Subject Property. 
Defendant also testified she and Overstreet maintained a very close relationship 
her entire life. Countering Plaintiff's allegations, Defendant claimed her aunt 
did not want Plaintiff's husband to inherit the Subject Property. She also 
asserted Plaintiff relented to the creation of a joint tenancy estate because 
Plaintiff, who is twelve years younger than Defendant, always assumed she would 
outlive Defendant and acquire the whole estate.
¶8 Following trial, the trial court held Plaintiff's petition was barred by 
the five-year statute of limitations, 12 O.S. Supp. 2009 §95(12), which 
began to run when the deed was filed. The court specifically rejected 
Plaintiff's contention that the limitations period was tolled until 2009 when 
Defendant severed the joint tenancy. The trial court also held Plaintiff failed 
to present clear and convincing evidence that Defendant unduly influenced 
Overstreet to execute the deed or that the deed was procured by fraud. The court 
quieted title to the Subject Property one-half in Plaintiff and one-half in 
Third Party Plaintiffs as tenants in common. Finally, the trial court ordered 
the Subject Property partitioned. From said judgment, Plaintiff appeals.
¶9 This Court's standard of review of a trial court's order granting a motion 
to dismiss is de novo. Rogers v. Quiktrip Corp., 2010 OK 3, ¶4, 230 P.3d 853. "Under this standard, 
we have plenary, independent and nondeferential authority to determine whether 
the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841. An action to reform or 
set aside a deed is an equitable one. Cleary Petroleum Corp. v. Harrison, 
1980 OK 188, ¶11, 621 P.2d 528. "The traditional 
standard of review in equity suits charges this court with the responsibility to 
examine the entire record to determine whether the decree is against the clear 
weight of the evidence or contrary to law." Id.
¶10 Although identified as nine separate propositions of error, the essence 
of Plaintiff's appeal is the trial court erred by (1) permitting Defendant to be 
deposed via telephone and admitting such deposition at trial, and (2) dismissing 
Plaintiff's petition as time-barred. Regarding the deposition, Plaintiff's 
brief-in-chief asserts the Oklahoma Discovery Code does not authorize telephonic 
depositions. As Defendant correctly points out in her answer brief, however, 12 O.S. Supp. 2005 §3230(C)(6) 
specifically authorizes depositions to "be taken by telephone or other remote 
electronic means." The trial court did not err by permitting Defendant (or 
Plaintiff) to be deposed by telephone.
¶11 Plaintiff's reply brief then urges the defense failed to show, and the 
trial court failed to make a finding, that Defendant was unavailable to testify 
before admitting her deposition transcript at trial. Title 12 O.S. Supp. 2002 §2804(B)(1) 
permits depositions to be admitted in lieu of testimony at trial "if the 
declarant is unavailable as a witness." "Unavailability as a witness" is defined 
at §2804(A)(4) as the inability of a witness "to be present or to testify at the 
hearing because of death or then existing physical or mental illness or 
infirmity; . . ." As previously stated, the defense presented the trial court 
with a medical opinion that, due to health reasons, Defendant should not travel 
from Oregon to Oklahoma for trial. Plaintiff was given the option of obtaining 
an independent medical opinion regarding Defendant's state of health and chose 
not to do so. Plaintiff also concedes in her appellate filings that Defendant 
did, in fact, "present[] documentation allegedly supporting . . . that [she] is 
unable to travel . . . ."
¶12 The judgment under review notes the subject of Defendant's deposition 
originally arose in November 2010 and it was later discussed at a pretrial 
conference. Plaintiff did not designate for inclusion in the appellate record 
any documents or records associated with either of those hearings. "Absent a 
record showing otherwise, this court presumes that the trial court did not err." 
Hamid v. Sew Original, 1982 OK 
46, ¶6, 645 P.2d 496. Further, 
the admissibility of previous testimony at trial "is at the discretion of the 
trial judge." Newton v. State, 1965 OK CR 102, ¶6, 403 P.2d 913. We find no abuse of 
discretion in the trial court's decision to admit Defendant's deposition 
testimony at trial.
¶13 As for Plaintiff's complaint that the trial court erred in failing to 
make specific findings of fact regarding admission of the deposition testimony, 
the record does not indicate Plaintiff requested the trial court make such 
findings. Thus, the trial court was not required to detail its findings in the 
judgment. 12 O.S. 2011 §611.
¶14 The five-year statute of limitations at 12 O.S. Supp. 2009 §95(12) "applies 
to causes of action to reform a deed on the ground of alleged mistake." Horn 
v. Horn, 2007 OK CIV APP 
114, ¶5, 172 P.2d 228. "If the right to recover is primarily based on fraud 
the two-year statute is applicable." Id., quoting Maloy v. Smith, 
1959 OK 69, ¶24, 341 P.2d 912. "The five-year statute 
of limitations set forth in subsection 12 applies 'if the right to recover is 
based upon inequitable conduct which falls short of fraud.'" Horn at ¶5, 
quoting Maloy at ¶24.
¶15 With respect to alleged fraud or inequitable conduct, the only action 
Defendant took in this case was to transfer her interest in the Subject Property 
to a trust, thus severing the joint tenancy and creating a tenancy in common. 
Such action is perfectly legal. "In the case of two joint tenants, the concept 
of joint tenancy with right of survivorship permits each owner to 
alienate and hold his share at the same time he 'and the other or others 
hold the entire property as by a single ownership.'" In re Estate of 
Metz, 2011 OK 26, ¶7, 256 P.3d 45, quoting 
Shackelton v. Sherrard, 1963 
OK 193, 385 P.2d 898 
(emphasis added). Plaintiff presented no evidence of fraud or inequitable 
conduct and cites no law prohibiting Defendant's actions.
¶16 The only alleged "mistake" Plaintiff refers to is her (and allegedly her 
mother's) mistaken impression that a joint tenancy could never be broken. "[I]n 
most instances, ignorance of the law is no excuse, and every person is presumed 
to know the law." Estes v. ConocoPhillips Co., 2008 OK 21, ¶22, 184 P.3d 518. Further, Plaintiff's 
reliance upon the "intent" clause in the deed is of no avail. Such language is 
merely a restatement of the general character of a joint tenancy: absence 
severance, the death of one tenant results in the surviving tenant acquiring the 
whole estate. Metz, 2011 OK 
26 at ¶8. The clause did not create an unassailable joint tenancy incapable 
of being severed.
¶17 The deed at issue was executed and filed of record on May 4, 2001. It is 
undisputed Plaintiff had actual knowledge of the deed, as she accompanied her 
mother to the Clerk's Office, witnessed her execute and file the deed, and 
obtained a copy thereof for herself. Plaintiff has advanced no tenable theory 
for tolling the five-year statute of limitations, which expired on May 4, 2006. 
Plaintiff's petition, filed on May 20, 2010, was untimely.

¶18 AFFIRMED.

MITCHELL, J., and GOREE, J., concur.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Criminal Appeals Cases Cite
Name
Level 1965 OK CR 102, 403 P.2d 913, NEWTON v. STATE
Discussed
Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2007 OK CIV APP 114, 172 P.3d 228, HORN v. HORN
Cited
Oklahoma Supreme Court Cases Cite
Name
Level 1959 OK 69, 341 P.2d 912, MALOY v. SMITH
Discussed 1963 OK 193, 385 P.2d 898, SHACKELTON v. SHERRARD
Discussed 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed 2011 OK 26, 256 P.3d 45, IN THE MATTER OF THE ESTATE OF METZ
Discussed at Length 1980 OK 188, 621 P.2d 528, Cleary Petroleum Corp. v. Harrison
Discussed 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 95, Limitation of Other Actions
Discussed 12 O.S. 611, Statement of Findings and Conclusions of Law
Cited 12 O.S. 2804, Hearsay Exception - Declarant Unavailable
Cited 12 O.S. 3230, 12 O.S. 3230, Depositions Upon Oral Examination
Cited