The AMERICAN PARTY, a Political Party, Reuel W. Little, N. L. Hiniker, Richard W. Ninde, Dave S. Harper, George Washington, Ben B. Prater, Dorothy Thompson, and Jerome Savage, Plaintiffs,

v.

STATE ELECTION BOARD of the State of Oklahoma, Composed of the Honorable Gene F. Blake, Chairman, the Honorable William F. H. Mattoon, Vice-Chairman, and the Honorable Basil Wilson, Secretary, Defendants.

No. 43026.

Supreme Court of Oklahoma.

June 11, 1968.

McAfee, Dudley, Taft, Cates & Mark, by John B. Dudley, Judson S. Woodruff, and Peter B. Bradford, Oklahoma City, for plaintiffs.

G. T. Blankenship, Atty. Gen., Brian Upp and Dale F. Crowder, Asst. Attys. Gen., Oklahoma City, for defendants.

Harley E. Venters, Robert D. Crowe and Von Russell Creel, Oklahoma City, for intervenor Charles G. Tate.

Archibald B. Hill, Jr., Oklahoma City, for amicus curiae, Archibald B. Hill, Jr., A. L. Dowell and Curtis Lawson.

BLACKBIRD, Justice:

The individual plaintiffs in this original action are prospective voters, and Presidential Electors, of a new organization given the name of, and hereinafter referred to as: "The American Party". They were selected as Presidential Electors nominated at a meeting they refer to as "a legally constituted convention of said party" on March 16, 1968.

Thereafter, on March 17, 1968, the American Party filed a petition with the Honorable John Rogers, Oklahoma's Secretary of State, purporting to bear 18,519 more names of Oklahoma voters than the 5,000, prescribed in Titl. 26 O.S.1961, § 229, for the placing, by the Secretary of the State Election Board of its candidates "on a ballot similar to that of the major parties in Oklahoma." At the same time said Party filed with the Secretary of State (sometimes hereinafter referred to merely as "Secretary Rogers" or "Mr. Rogers") the sworn statement of its officers, as required by Secs. 6.1 and 6.2 of the same Title, for it to "participate in any primary, special and general election in this State, * * *".

From the representations made herein, there was evidently one or more written applications by citizens for a public hearing on the last mentioned sworn statement, presented to Secretary Rogers within the 30 days thereafter, prescribed by Sec. 6.3 (Tit. 26). Accordingly, Mr. Rogers thereafter scheduled, and held, a public hearing pursuant to such application therefor. After the hearing, Mr. Rogers issued and filed with the State Election Board, on May 8, 1968, a document entitled: "CERTIFICATE OF APPROVAL OF PETITION OF AMERICAN PARTY TO BE PLACED ON THE OKLAHOMA BALLOT." In said certificate, Secretary Rogers specifically found the sworn statement and attached petition "valid in all respects" and approved them, and, in addition, wrote:

"* * * said American Party is entitled to be recognized and qualified to participate in any primary, special or general election in this State and the said American Party and the names of the candidates thereof are ordered to be placed upon the aforesaid ballot. * * *."

Thereafter, according to the allegations of the verified petition for Writ of Mandamus plaintiffs filed in this Court on May 22nd, 1968, alleging that the individuals among them are qualified voters and electors of this State and are also the Presidential Electors which the newly formed American Party "duly nominated" at its afore-mentioned "legally constituted convention * * on or about * * *" March 16th, the defendants have refused to recognize Secretary Rogers' above described certification of said above named Party.

To their Reply Brief, filed herein, plaintiffs have attached a letter dated May 15, 1968, and apparently mailed out to the Secretaries of all County Election Boards in this State, over the signature of the defendant Secretary of the State Election Board, about a week after the Secretary of

State's above described and quoted decision, (in evident recognition of the provisions of Sec. 6.3, supra, providing for an appeal to this Court from such decision) stating that Secretary Rogers' decision "has been appealed to the Oklahoma Supreme Court", and further stating:

"* * * the American Party is *not* a recognized party unless and until it is approved by the Court. This office will notify you immediately when the decision has been made.

"In the meantime no registrations in the American Party can be accepted. Please see that the registrars are aware of this and inform them that they will be notified when and if the American Party is officially recognized."

Plaintiffs' petition for the writ further alleges, in substance, that before those of them that have been nominated as Presidential Electors at the American Party's above mentioned convention, may become candidates of said party for election to that position, the voter registration records of the counties of their residence must show them registered as members of that Party. The petition further alleges, among other things in substance, that, although these individual plaintiffs have presented themselves to their county registrars and have attempted to change their respective voter registrations as members of said party, they have been refused the right to make such change because of the defendants' above described "written directive" and, as a result thereof, plaintiffs "will suffer damage and irreparable injury." In support of the latter conclusion, further allegations of plaintiffs' petition, concerning the individuals among them, are contemplated to show that unless these persons are allowed to change their voter registrations (as they have attempted to do) before 5:00 o'clock p. m., on June 15, 1968, they will not only be prevented from voting in this State's primary and general elections of this year as members of the American Party, but because Title 26 O.S.1967 Supp. § 93.18 forbids registered voters to change their party affiliations, from that time in June, until 5:00 o'clock p. m., on October 7th, and because Tit. 26 O.S.1961, § 522 requires persons nominated as Presidential Electors for a Party to be certified to the State Election Board, " * * * at least ninety (90) days, but not more than one hundred and eighty (180) days prior to the date of a Presidential Election. * * * ", they, and the American Party will be prevented from having their names placed on the ballots at the next general election as candidates for Presidential Electors.

In their petition, plaintiffs pray this Court, by issuing the Writ applied for, to require the defendants to do various things, including that of directing "all county election boards and officials to accept changes of registration of electors to the American Party on or prior to June 15, 1968 at 5:00 p. m., * * * "; but, as we view this case, it is not now necessary to deal with plaintiffs' prayer in further detail.

At the hearing of oral arguments before this Court on May 28th, 1968, arguments pro and con of plaintiffs' petition were advanced on their behalf and on behalf of defendants, and also parties, who are said to have applied, as citizens, for the aforementioned public hearing before the Secretary of State. On that occasion, the latter, who now appear herein as intervenor and amicus curiae, represented that they, or at least some of them, were in the process of filing an appeal to this Court from the hereinbefore described decision and certification of the Secretary of State.

This Court takes judicial knowledge of its own records showing that on June 7, 1968, these parties filed petitions in error, with record transcripts, docketed in this Court as Causes Numbered 43046 and 43047, styled: "THE APPLICATION OF THE 'AMERICAN PARTY' TO PARTICIPATE IN ELECTIONS IN THE STATE OF OKLAHOMA." For the purposes of the present opinion only, we will assume that said appeal is properly filed,

and will be properly prosecuted, to the end that the parties involved will obtain an appellate determination of the merits of all complaints properly advanced against the Secretary of State's decision and certification. And it should be strictly understood that nothing herein said, or determined, need be given effect in our decision of those appeals.

In view of this development, we decline to consider herein any argument relating to the merits, or demerits, of Secretary Rogers' determination, and herein consider only the arguments directly related to the immediate relief to which plaintiffs may be entitled in the situation now facing them, i. e., being prevented from changing their voting registration before 5:00 p. m., June 15, 1968, by reason of the State Election Board's hereinbefore described letter of May 15, 1968, to the Secretaries of the various County Election Boards of this State.

As plaintiffs' complaints against the said State Board's so-called "written directive" are lodged both as prospective voters, and as claimed nominees of The American Party for Presidential Electors, it is unnecessary to determine whether they are entitled to any relief as such nominees, if their rights as qualified electors are being jeopardized, or abrogated, by that Board's action. Thus, we disregard the intervenor's arguments to the effect that plaintiffs' allegations show no harm entitling them to mandamus, because there is no law requiring a party's candidates for Presidential Electors to be members of said party and because plaintiffs were never properly chosen as such nominees.

■ As to said intervenor's arguments under the third proposition in his brief to the effect that the State Election Board can neither "require", nor "prohibit", the registration of voters by county election boards, and therefore that defendants are not the proper parties to be ordered to allow plaintiffs to change their registration, the

short, and we think a sufficient, answer is that whether the State Board has the power to control or direct County Boards in such matters, or not, the fact remains that its letter has had the effect of exerting such a power, and, according to plaintiffs' allegations (whatever the State Board's proper role, if any, in the matter may be) the letter was effective in preventing their registration as members of the claimed new party, which said letter, if not revoked or nullified, in time for them to re-register before 5:00 p. m., on June 15th, will prevent them, under the last proviso of Section 93.18, supra, from exercising their right of suffrage as registered electors of that Party in the regular primary to be held this year on the 4th Tuesday of August, and any election held subsequent thereto, under the provisions of Tit. 26 O.S.1967 Supp. § 113.

In view of the foregoing, we proceed to determine whether or not we should issue a writ reasonably calculated to nullify the State Election Board's letter, considering the effect it has undisputedly had in inducing county election boards to postpone, until Causes No. 43047 and 43046, supra, are at issue and can be decided, recognition of The American Party as a party in which plaintiffs may become registered electors (as would appear to be contemplated by Secretary Rogers' decision and certification) thereby depriving plaintiffs of the right to vote as electors of that Party in the August Primary, or any other election held before another re-registration period begins on October 8th, next.

In the brief he has filed on behalf of the State Election Board, and its members, appearing herein as "defendants", the Attorney General specifically states that the Board "does not feel that it is the proper party to question" the Secretary of State's certificate of approval of The American Party's petition, and that the State Board issued the letter to the County Boards (which plaintiffs ask to be rescinded) on

the theory that the Secretary of State's order was (automatically) stayed under the portion of § 6.4, supra, which reads as follows:

"* * * Any citizen of Oklahoma who may be dissatisfied with the decision of the Secretary of State, shall have the right to appeal from the decision thereof directly to the Supreme Court of the State of Oklahoma by filing a certified transcript of the record and evidence with the Clerk of the State Supreme Court within thirty (30) days after such final decision has been rendered.

* * * * * * * ."

Amicus Curiae concede there is no statutory authority for staying the execution of Secretary Rogers' certificate and decision. They suggest, however, that this Court is "left with the question" of determining, by weighing "the equities", the propriety of itself granting such stay in aid of its appellate jurisdiction. We are not inclined to weigh so-called "equities" in a case like the present one, especially where the parties against whom the writ is sought, do not ask for any such consideration, and there is no proof that the rights of anyone will be prejudiced by the granting of the relief sought.

▇▇▇ The right to vote for the Party candidate of their choice is closely related to the valuable right of suffrage, guaranteed to all qualified electors under our system of government. See Okla.Const., Art. III, Sec. 7; Dove v. Oglesby, 114 Okl. 144, 244 P. 798; Ex parte Wilson, 7 Okl.Cr. 610, 125 P. 739; 25 Am.Jur., "Elections", § 159. And this right is preserved by our Statutes. One example of these is Tit. 26 O.S.1961, § 93.5 enjoining upon registration officials the "duty" of registering and reinstating voter registrations. In the absence of any claim that Secretary Rogers' certificate is void on its face, or of the citation of any authority to the effect that it may not be presumed correct, until appellants, in Causes Numbered 43046 and 43047, supra, discharge the burden of showing that

it is in error, we think plaintiffs' desire to register as electors of the American Party should not be hampered, or hindered, by letters such as defendants directed to the County Election Boards of this State, where as here shown, the letters have had the effect of denying plaintiffs that right in the elections preceding October 8, 1968, if not rescinded. Believing that no more comprehensive action will be necessary to preserve their rights than issuing the writ, requested in plaintiffs' reply brief, directing the State Election Board "to rescind" the subject letter of May 15, 1968, we hereby do so.

The question as to whether or not the American Party is, or is not, a recognized party is not here decided and such issue is specifically reserved for future determination.

Nor do we determine herein whether, or not, a Presidential Elector need be a qualified registered elector.

Writ granted.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.

JACKSON, C. J., and McINERNEY, J., dissent.

BERRY, Justice (concurring specially):

As I view the matter, the State Election Board has stayed the decision of the Secretary of State approving the recognition of the American Party. No application for stay of the effectiveness of the approval was sought. Subsequently the State Election Board sua sponte stayed the decision of the Secretary of State.

Generally a stay in a proceeding is granted by a tribunal in which the action is pending. The parties in their briefs have cited no authorities, nor are any found, which persuades me to believe the Election Board had authority to stay the effectiveness of the decision of the Secretary of State by refusal to act.

Being aware the decision is not final, in my view does not render it without effect. This is not to say the effectiveness could not have been stayed, but merely that in this instance it was not properly stayed.

The respondents herein have an adequate remedy by the appeal which now has been lodged. Justice in this instance is better served by disposing of the issues on the merits rather than by denying applicants the relief in this special proceeding; for the denial thereof would render moot the prayer of the applicants relative to validity of their purported party, without this court being permitted to examine the merits of the matter.

For these reasons I concur specially.

JACKSON, Chief Justice (Dissenting):

The primary purpose of this action by plaintiffs is to obtain assurance that if The American Party is later determined to be a political party that the names of its nominees as Presidential Electors will be printed upon a ballot and afforded an opportunity at the general election in November, 1968, to be elected as the Presidential Electors of this State. Plaintiffs' uncertainty is generated by our decision in Darst v. County Election Board of Craig County (1944), 194 Okl. 469, 152 P.2d 912.

In that case Darst, a registered Democrat, filed his declaration as Republican candidate for the office of county attorney. On appeal we affirmed the trial court and held that the right of an elector to become a candidate of "his party" at a primary election, as provided in 26 O.S.1941, Sec. 162, excludes, by necessary implication, his right to become a candidate of another political party. I find no fault with that decision but it is not decisive of the present controversy.

As pointed out in the brief of Charles G. Tate, Intervenor, the constitutional provision for a mandatory primary system for the nomination of candidates for all political parties, Article 3, Section 5, Oklahoma Constitution, as adopted July 5, 1960, provides an exception for Presidential Electors, as follows:

"* * * except for the office of Presidential Electors who shall be nominated by the regularly called conventions of the various political parties and the chairman and secretary of each political party convention shall certify the names of said nominees to the Secretary of the State Election Board."

The foregoing constitutional exception, together with implementing legislation in 1961, has completely removed Presidential Electors from the mandatory primary system. Presidential Electors are now nominated in party conventions as provided in 26 O.S.1961, Secs. 519 and 522. A party's nominees as Presidential Electors must swear or affirm that they will vote for the persons nominated as President and Vice President of the United States by that party's national convention, 26 O.S.1961, Sec. 520; and Sec. 521, Title 26, provides a penalty for violation of the oath.

Section 522, supra, also enacted in 1961, provides that the persons nominated by such party convention shall be certified by name to the Secretary of the State Election Board by party officials within 180 to 90 days prior to the date of the Presidential Election.

26 O.S.1961, Sec. 113, prior to its amendment in 1961, required Presidential Electors to be elected at primary elections. That provision was removed in 1961. It is to be noted, however, that 26 O.S. 1961, Sec. 518 (enacted 1937 and prior to the adoption of Art. 3, Sec. 5, Okla.Const., in 1960, and implementing legislation in 1961) provides that County Election Boards shall make their returns with reference to Presidential Electors and the State Election Board was required to issue Certificates of Nominations to successful nominees. Since nominations for Presidential Electors are no longer made in primary elections it is apparent that the Legislature's failure to amend or repeal Sec. 518, supra, was an oversight. In any event that part of Sec.

518 which requires the County Election Board to make returns with reference to Presidential Electors and the requirement that Certificates of Nomination be issued to the nominees by the State Election Board are no longer applicable.

I have found no statutory or constitutional provision of law, now applicable, which would prevent a political party in convention from nominating a Presidential Elector who is a registered voter in another political party. It is true that a Presidential Elector must be a qualified elector, 26 O.S.1961, Sec. 511, but it is not required that he be a qualified *registered* elector. It follows that a party in convention is the sole judge of the qualifications of its nominees for Presidential Electors, except as otherwise provided in Sec. 511, supra. I believe 25 Am.Jur.2d, Elections, Secs. 126, 127, and 164 support this view.

In plaintiffs' reply brief it is stated that if 26 O.S.1961, Sec. 162, and Darst v. County Election Board of Craig County, supra, are not applicable, "then plaintiffs join with intervenors in requesting that this Court expressly so hold." I would so hold.

In view of the foregoing I find no need for the issuance of a Writ of Mandamus. It is not contended that The American Party will have any candidates for any office other than Presidential Electors. Nor is it contended that plaintiffs have a right to bring this action on behalf of any elector who desires to register as a member of The American Party. Such questions not having been presented or briefed, they are not issues in this case.

The relief sought by plaintiffs in their alternative prayers would undoubtedly result in some confusion and disorder. In Board of Ed. City of Guthrie v. Excise Board of Logan County, 101 Okl. 225, 224 P. 508, we held that a writ of mandamus will not be issued where it would work injustice or result in confusion or disorder.

I am authorized to say that McINER-NEY, J., concurs in the views herein expressed.