Sandra K. SLOAN and David
Sloan, Appellants,

v.

CANADIAN VALLEY ANIMAL CLINIC,
INC.; Marvin L. Denny, DVM; Cathy
Carnmore, DVM; John Lockamy,
DVM; Charles Eisenhour, DVM; Tony
Epperson, DVM; and Bernard L. Wied-
emann, DVM, Appellees.

No. 62661.

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 19, 1985.

Rehearing Denied Jan. 7, 1986.

Certiorari Denied May 14, 1986.

Steven E. Clark and Glen Mullins, Okla-
homa City, for appellants.

Curtis L. Smith, Oklahoma City, for ap-
pellees.

ROBINSON, Presiding Judge:

Sandra Sloan (Appellant) worked as a
volunteer in an animal clinic for several
veterinarians (Appellees) and soon there-
after Appellant began feeling ill. Appel-
lant was eventually diagnosed as having
Brucellosis, a disease which attacks the
lymphatic system and is carried by cattle.
Appellees filed a motion for summary judg-
ment alleging that the claim was barred by
the two year Statute of Limitations. The
trial court found that the action was barred
by the Statute of Limitations and sustained
Appellee's Motion for Summary Judgment.
Appellant appeals arguing that the claim
was not barred as it did not accrue until
Appellant knew or should have known of
her injury and the cause thereof.

Appellant first sought medical attention
in late May of 1981 and was admitted to a
hospital for the first time on June 9, 1981.
She was diagnosed as having acute lym-
phangitis and was discharged from the hos-
pital seven days later. On July 22, 1981,
she was once again admitted to a hospital
for an excisional biopsy of a cervical lymph
node and was discharged four days later

with a final diagnosis of of cervical lympha-denopathy. On August 26, 1981, Appellant was again hospitalized, this time the diag-nosis being Brucellosis. This was the first time that she had ever been advised or diagnosed by any physician as having Bru-cellosis. On August 5, 1983, Appellant filed a personal injury action against the Appellees alleging negligence. Appellees contend that because Appellant first began feeling ill in April of 1981, the cause of action should begin to accrue on this date. Appellants argue that the "discovery rule" should be applied and that the cause of action should begin to accrue from the time the plaintiff actually discovers the injury or the time when discovery was reasonably possible. Under the facts of this case, we agree with Appellant's argument.

Brucellosis does not occur with regulari-ty or to the extent that it is a usual and expected result of working with cattle; in fact, fewer than 200 cases of Brucellosis are diagnosed each year in the United States. *Wilson Foods Corp. v. Porter*, 612 P.2d 261, 264 (Okl.1980). Appellant was not aware of her disease until approximate-ly 4 months after her original contact with the infected cattle. In fact, Appellant's illness was not even correctly diagnosed until her third visit to the hospital in Au-gust, 1981. We are aware of the general rule that "mere ignorance of the existence of a cause of action or facts constituting such on the part of a person in whom a cause of action lies will not toll the running of the statute of limitations" *Moore v. De-livery Services, Inc.*, 618 P.2d 408, 409 (Okl.App.1980). This general rule applies unless the statutes specifically provide that the limitations do not begin to run until the plaintiff has actual knowledge of it. The Oklahoma Legislature has not recognized a specific exception to the Statute of Limita-tions in negligence actions. However, Oklahoma case law has recognized in mal-practice actions,[1] in actions involving pollu-tion of a stream,[2] and in actions involving flood damage by oil producers,[3] that the limitation period does not begin until the damage or injury becomes apparent to the injured party.

In *Williams v. Borden*, 637 F.2d 731 (10th Cir.1980), plaintiff contracted "meat wrapper's syndrome", a chronic pulmonary disease of an asthmatic nature, as a result of inhaling toxic fumes produced by a clear plastic film used in meat wrapping. As in the case at bar, the Plaintiff in *Williams* was originally misdiagnosed. In reversing the trial court's granting of defendant's summary judgment, the Federal Court held that "the statute of limitation for such a claim does not begin to run until the plain-tiff knows, or as a reasonably prudent per-son should know, that he has the condition for which his action is brought and that the defendant caused it." Although the feder-al decision is not binding on this court, we find the reasoning persuasive and agree that a similar rule should be adopted by this court.

In conclusion, given the uncer-tainty of Appellant's diagnosis and the lapse of time that occurred before Appel-lant even knew the cause of her illness, we hold that the Statute of Limitations did not begin to run until Appellant was aware of her injury. Thus, the trial court did err in sustaining Appellee's motion for summary judgment in that there is a factual issue as to whether Appellant knew or should have known that she had a condition for which her action was brought and that the Appel-lees had caused this condition. According-ly, the summary judgment must be set aside and the cause remanded for further proceedings.

REVERSED AND REMANDED.

REYNOLDS and GRAY, JJ., concur.

---

1. *Seitz v. Jones*, 370 P.2d 300 (Okl.1962).

2. *Continental Oil Co. v. Williams*, 207 Okl. 501, 250 P.2d 439 (1952).

3. *Gouin v. Continental Oil Co.*, 590 P.2d 704 (Okl.App.1978).