OSCN Found Document:CALVERT v. SWINFORD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CALVERT v. SWINFORD
2016 OK 100
Case Number: 114957
Decided: 10/04/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 100, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

LISA D. CALVERT and TERESA ROPER, Plaintiffs,
v.
WAYLAND GUY SWINFORD AND DAWN ELYNN SWINFORD; NOCONA L. CARTER, AND BRIAN L. CARTER, ROGER D. WARDEN AND SUSAN WARDEN, BRANDON VAUGHN AND SERRA VAUGHN, FIRST NATIONAL BANK, JEREMY D. WOODS, CHRISTY S. WOODS, BLACK BEAR CREEK ENERGY COMPANY, LLC., ROUTE 66 MINERALS, L.P., SUNDOWN ENERGY, L.P. AND HIGHMOUNT EXPLORATION & PRODUCTION, LLC., Defendants.
AND
LISA D. CALVERT and TERESA ROPER, Plaintiffs/Appellants,
v.
MKB Royalty Corporation, Randee Koger, and Bremyer & Wise, LLC, Defendants,
and
POWERS ABSTRACT CO., Inc., Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF NOBLE COUNTY

Honorable Phillip A. Ross, Trial Judge

¶0 The plaintiffs/appellants, sisters, sold real property in Noble County, but allegedly intended to keep their mineral interests in the property. Some twelve years after the deeds were filed, the sisters realized that mineral interests were not reserved and they filed a lawsuit for professional negligence against the defendant/appellee, the abstract office. The defendant filed a motion for summary judgment arguing that the lawsuit was untimely, and the trial court agreed and granted summary judgment. We retained the cause to address the dispositive issue of whether the statute of limitations for an action brought by a grantor begins to accrue when a deed is filed with the county clerk. We hold that it does.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

David R. Cordell, Hayley N. Stephens, Tulsa, Oklahoma, for Plaintiffs/Appellants.
William J. Baker, Ky D. Corley, Steven M. Ruby, Stillwater, Oklahoma, for Third Party Defendant/Appellee Powers Abstract Co.

KAUGER, J.:

¶1 We retained this cause to address the dispositive issue of whether the statute of limitations for an action brought by a grantor begins to accrue when a deed is filed with the county clerk. We hold that it does.

FACTS

¶2 The plaintiffs/appellants, sisters, Lisa D. Calvert, an Illinois resident, and Teresa Roper, a Tennessee resident, (sisters/grantors/sellers) were attorneys in fact for their father, Allen Dwayne Downy, under a durable power of attorney. He owned Oklahoma real property which included mineral interests. The property is located in Noble County, Oklahoma.[1] On October 29, 2000, acting as attorneys in fact for their father under a durable power of attorney, the sisters entered into an agreement to sell the property (surface only) with Wayland and Dawn Swinford (Swinfords/grantees).[2] The sisters retained Kansas attorney, Randee Koger (attorney) and his law firm, Wise & Reber (then named Bremyer & Wise) (the firm) to represent them as their legal counsel and to prepare legal documents in connection with the real property transaction. The sisters also retained Powers Abstract Co., Inc., (Abstract Co.) a Perry, Oklahoma abstract company, to perform abstracting and closing functions for the sale of the property.

¶3 The contract provided that the sellers would "retain the mineral rights on the property for a period of thirty-five years (35) years or for as long as oil and gas are being produced from the property. At the end of such time the mineral rights shall revert to the then surface owner."[3] The purchase price of the property was $62,000.00. On January 24, 2001, the sisters and their spouses entered into another agreement to sell additional real property to the Swinfords under the same terms and conditions of the as the October, 2000, contract.[4] The contract price for this sale was $75,000.00.

¶4 Apparently, because of some undisclosed title defect issues, the closing was delayed until June of 2002, when the Abstract Co. mailed the sisters a packet of closing documents and deeds to sign. The deeds did not contain a reservation of any mineral interests. The sisters allege that they sent the packet to their attorney to review and he insists he corrected the deeds so that they each included a reservation of mineral interests. The conveyances for both transactions took place on July 20, 2002. Neither the sisters nor the attorney were present at the closing. Only the Abstract Co. and the Swinfords were present at the closing. The deeds were filed July 25, 2002, in the Noble County Clerk's office.[5] The sisters never received a copy of the filed deeds from either the Abstract Co., or the attorney. The filed deeds did not reserve any mineral interests from sale.

¶5 On November 7, 2014, the sisters filed a lawsuit in Noble County, Oklahoma, against an MKB Royalty Corporation, an Oklahoma royalty corporation, Randee Koger, the Kansas attorney who handled the property transactions, and his McPherson, Kansas, law firm, Bremyer & Wise, and Powers Abstract Company, the Oklahoma abstract company who did the title work on the real property transaction in an attempt to recover their mineral interests which they thought they had retained. On August 14, 2015, the Abstract Co., filed a motion for summary judgement, arguing that the applicable statute of limitations had run because it has been more than twelve years since the deeds were filed. The sisters argued that the limitations period did not begin to run when the deeds were filed, but rather when they knew or should have known that negligence occurred. They contend that they didn't discover the mistake in the deeds until 2013, when they first became aware that the Swinfords were leasing the mineral rights.

¶6 The statute of limitations applicable to an action for negligence is found in 12 O.S. 2011 §95(a)(3) and it provides that such a claim must be filed two (2) years after the cause of action shall have accrued.[6] The same statute provides a five (5) year limitation for deed reformation.[7] On November 18, 2015, the trial court held a summary judgment hearing. At the hearing, the attorney for the Abstract Co. disclosed that the sisters had actual notice of the mistake in the deeds in 2003, because the Swinfords filed a quiet title action to the property in Noble County No. CV-2003-10, which resulted in a default judgment in favor of the Swinfords.[8] The sisters, essentially ignoring the 2003 lawsuit filings, argued that: 1) the only purpose in filing a deed is to put third parties on notice of the deeds, not to put grantors on notice as to whether the deed comports with that they intended to convey; 2) the grantors were not under any duty to check the record to ensure they were correct; and 3) the quiet title action did not involve the Abstract Co. and was, therefore, inapplicable.

¶7 On April 5, 2016, the court filed an order granting summary judgment to the Abstract Co. It determined that the deeds, which were examined and signed by the grantors, gave the grantors constructive notice of any alleged mistake when they were filed of public record. Consequently, any claims of reformation and/or negligence were precluded by the long expired statute of limitations for either claim. The trial court also directed the filing of a final journal entry of judgment pursuant to 12 O.S. 2011 §994(a).[9]

¶8 On May 3, 2016, the grantors appealed, arguing that summary judgment was premature because fact questions exist as to whether the statute of limitations had run. On appeal, the Abstract Co. argues that, in addition to the cause being untimely filed, an unpublished decision rendered by the Court of Civil Appeals in cause no. 113,558 in which the sisters sued Route 66 Minerals and Sundown Energy for unjust enrichment and quiet title and in which the Swinfords were also named defendants, precludes the sisters from bringing this lawsuit altogether. In cause no. 113,558, the Court of Civil Appeals held that the sisters' action for quiet title and unjust enrichment was time-barred, and it affirmed the trial court's grant of summary judgment. We retained this cause on May 25, 2016, to address the statute of limitation issue.

THE STATUTE OF LIMITATIONS FOR AN ACTION BROUGHT BY A
GRANTOR BEGINS TO ACCRUE WHEN THE DEED IS FILED WITH 
THE COUNTY CLERK.

¶9 The sisters argue that their lawsuit, brought more than twelve years after the deeds were filed with the county clerk, is timely because they did not discover the deficiency in their deed until 2013, within two years of filing their lawsuit. The Abstract Company disagrees, relying primarily on the Court of Civil Appeals opinion in Pangaea Exploration Corp. v. Ryland, 2010 OK CIV APP 66, 239 P.3d 160 as particularly persuasive as applied to this cause.[10] The record also includes various other cases in which the same "timeliness" issue has re-occurred in Oklahoma Courts with differing results.[11] Accordingly, we retained this cause to address the discovery/constructive notice issue and we do not address or express any opinion on whether the previous unpublished Case No. 113,558 Calvert v. Route 66 Minerals or whether the 2003 lawsuit filed by the grantees may also be dispositive of this cause.[12]

¶10 The enactment of a statute of limitations is a legislative expression of a policy that prohibits litigants from raising claims after the expiration of a given period of time.[13] Statutes of limitations are generally considered procedural defenses[14] and are designed to prevent fraud and to protect litigants against stale claims.[15] Exceptions to statutes of limitations are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience.[16]

¶11 A cause of action accrues when the injury occurs.[17] However, Oklahoma also follows the discovery rule allowing limitations in certain tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.[18] The rule is applied to delay the running of the statute of limitations when doing so would not offend the purpose of the rule.[19] It, much like the doctrine of adverse domination, arises from the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause.[20] The purpose of the rule is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury.[21]

¶12 The crux of this cause is whether the discovery rule should apply to toll the limitations period when a grantor alleges ignorance of the contents of the deed nearly twelve years after the grantor signed and filed it with the county clerk. The Legislature, by the enactment of 16 O.S. 2011 §16, has expressly provided that a recorded deed serves as constructive notice of its contents as to subsequent purchasers, mortgagees, encumbrancers, or creditors. The sisters point out that absent from the statute are "grantors."

¶13 Section 16 provides:

Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrancers or creditors.[22]

The statute does not expressly list a grantor as being included as the types of persons which a recorded deed provides notice of its contents. Several other states do, by statute, expressly state that a recorded deed serves as notice to everyone, including grantors of its contents.[23] Nevertheless, this does not end the inquiry because, unless the Court applies the discovery rule to this cause, the limitations period has clearly expired.[24]

¶14 In Samuel Roberts Noble Foundation, Inc. v. Vick, 1992 OK 140, ¶26, 840 P.2d 619, the Court addressed whether the discovery rule should apply to professional negligence in construction. We followed the trend of sister jurisdictions who applied the discovery rule to negligence claims against architects and engineers. Quoting the 10th Circuit Court of Appeals,[25] we stated that:

There is no difference, in our view, as far as the wronged plaintiff is concerned, whether the negligence of the defendants was concealed or for some other valid cause the plaintiff failed to learn of the negligence, unless of course, the plaintiff, in the exercise of reasonable diligence, should have known of the negligence at the time of its occurrence.

The Court has applied the discovery rule in similar types of actions where the negligence is not readily discoverable such as the repair of a storm damaged roof;[26] the failure of a plumber to reconnect a sewer line;[27] medical malpractice;[28] damages to realty caused by pollution of a stream;[29] damage to realty caused from an oil well;[30] damage from the negligent installation of electrical wiring;[31] libel, in actions where publication is likely to be concealed from the plaintiff or published in a secretive manner;[32] breach of fiduciary duty;[33] conversion or theft;[34] and claim for recovery of stolen property.[35]

¶15 The obvious purpose of applying the discovery rule to such actions is because: 1) the negligence was not readily discoverable by a plaintiff utilizing ordinary due diligence; 2) the negligence was hidden from being readily discoverable by the plaintiff; or 3) the plaintiff was prevented from knowing of it, and it did not become apparent until problems arose and the negligence was uncovered without any apparent negligence on the part of the plaintiff. This cause does not fall into those type of actions in which the discovery rule applies.

¶16 The rule has been applied in very limited real property cases in Oklahoma. For example, in Webb v. Logan, 1915 OK 354, ¶14, 150 P. 116, a Choctaw freedman, who could not read or write, agreed to deed a portion of her interest in real property. She was told that the deed only contained what she agreed to sell, but the defendant inserted additional property without informing the seller. Because fraud was perpetrated on the seller, the court held that she did not know or could not have known of the additional real property which was inserted in the deed. The circumstances of her ability not to read or write coupled with active fraud, allowed the discovery rule to apply. In other cases, where mutual mistakes were made as to the amount of mineral interests actually conveyed, the statute of limitation has been tolled in a few cases wherein circumstances warranted.[36] These circumstances are not present in this cause.[37]

¶17 Here, the sisters signed the deed. They had the opportunity and obligation to read or at least inquire as to what they were signing.[38] The deed clearly did not reserve any mineral interests whatsoever. The deed was filed in the public land records office of the county clerk where the property was located. The deed was readily available to anyone who wanted a copy of it. A reasonable person would have read the deed before signing it, or at the very least, asked for a copy of it after it is signed and filed and then read it. Now, a copy of the filed deed can be secured anytime from one's computer in the comfort of their own home.[39]

¶18 We stated in Board of Comm'rs of Garfield County v. Renshaw, 1909 OK 4, ¶6, 99 P. 638, relying on a Kansas case and English common law, that which still holds true today:

Where the transaction is a matter of public record, either through conveyances registered as required by law or through other means, so that the party complaining has abundant means of finding out the fact of the transaction and its nature, there can be no concealment, and he will be charged with notice of the transaction and of facts which a diligent investigation thereof would develop. A party must be presumed to know what, by the exercise of reasonable diligence, he might have discovered; . . .[40]

No fraud is alleged nor is any concealment of facts or secretive publication.[41] The alleged negligence was readily discoverable by a the sisters utilizing ordinary due diligence and not hidden from being readily discoverable by them. Nor were the sisters prevented from knowing of the negligence because it was not apparent.

CONCLUSION

¶19 Although limitation issues may involve mixed questions of law and fact, they are ordinarily reviewed in this Court as questions of law.[42] There exists a statutory presumption that a recorded signed document relating to title to real estate is genuine and was properly executed.[43] The record supports but a single conclusion, that the statute of limitations began to accrue when the deed was filed and that the discovery rule is inapplicable to this cause. If this were not the case, real property transactions across the state could be set aside at almost any time which could leave all real property transactions unsettled indefinitely. Accordingly, we hold that, as a matter of law, any action for negligence regarding the mistaken deeds began to accrue when the deeds were filed.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ., concur.

REIF, C.J., not voting.

COMBS, V.C.J., not participating.

FOOTNOTES

[1] The legal description of the property is as follows: the East Half (E/2) of the Northwestern Quarter (NW/4) of Section 28, Township 21 North, Range 3 East, Noble County, Oklahoma and the West Half (W/2) of the Southeast Quarter (SE/4) of Section 20, Township 21 North, Range 3 East, Noble County, Oklahoma.

[2] The property interest to be sold in the contract was the W/2 of the SE/4 of Section 20, Township 21 North Range 3 East, Noble County, Oklahoma.

[3] Both sisters submitted signed affidavits dated August 31, 2015, in which they aver that: 1) in September of 2000, they had the properties appraised with the value of mineral interests expressly excluded; 2) the agreements to sell the property reflected the reservation of minerals and the sales price of the property reflected this as well; and 3) although they signed the deeds, it was never their intention to convey the mineral rights to the Swinfords.

[4] This property was described as the E/2 of the NW/4 of Section 28, Township 21 North, Range 3 East, Noble County, Oklahoma.

[5] The first deed, concerning the west half of the property, is from the grantor, Lisa Calvert, acting as Attorney in Fact for her father, Allen Dwayne Downey, to the Swinfords as husband and wife. It was recorded in Book Volume 0569, page 258 on July 25, 2002 at 3:26 p.m. It does not expressly exclude oil and gas and/or mineral interests. The second deed, concerning the east half of the property, is also from Lisa Calvert, acting as Attorney in Fact for her father, Allen Dwayne Downey, to the Swinfords as husband and wife. It was filed in Book Volume 0569, page 261 on July 25, 2002 at 3:31 p.m. It does not expressly exclude oil and gas and/or mineral interests.

[6] Title 12 O.S. 2011 §95(A)(3) provides:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
. . .

3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud - the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;

[7] Title 12 O.S. 2011 §95(A)(12) provides:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

12. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued.

[8] Consequently, the attorney argued in addition to the statute of limitations issue, the sisters were barred by res judicata/collateral estoppel from challenging the deeds. According to the Noble County Docket, the quiet title action, No. CV-2003-10, was filed in Noble County on May 21, 2003, with the Swinfords as plaintiffs and the father and Lisa Calvert as his attorney in fact named defendants. The trial court issued a journal entry of judgment on October 8, 2003, determining, by default, that the Swinfords owned the real property in fee simple absolute. Although we do not decide the issue, we note that in Panhandle Royalty Co., v. Farni, 1968 OK 89, ¶11, 747 P.2d 932 the court held that the plaintiffs were charged with constructive notice of a judgment when the judgment was rendered and filed in the public record in the Office of the County Clerk of Roger Mills County, thereby precluding their later action to quite title in certain mineral interests.

[9] Title 12 O.S. 2011 §994(a) provides:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.

[10] The Abstract Company relies on the Court of Civil Appeals opinion as authority for us to decide this cause. Because the opinion was not approved for publication by this Court, it could be entitled to persuasive effect only. Title 20 O.S.1991 § 30.5; Rule 1.200, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1. Pangaea Exploration Corp. v. Ryland, 2010 OK CIV APP 66, 239 P.3d 160 holds that public records afford grantors with a means of discovery of a mistake in a deed, and therefore provides constructive notice of a mistake sufficient to start the statute of limitations period to begin to run. We agree, as explained by our rationale herein.

[11] For example, in Case No. CJ-2014-348, Wedel v. Keim, in the District Court of Payne County, State of Oklahoma, the trial court determined that a similar action was barred by the statute of limitations. In Case No. CV-2014-31, McPeek v. Castlerock, in the District Court of Logan County also held that constructive notice occurs when the deed is filed and the statute of limitations begins to run. Other cases include Case No. 113,981 Wedel v. Bartley, an unpublished opinion of the Court of Civil Appeals, Division III; Horn v. Horn, 2007 OK CIV APP 114, 172 P.3d 228; Overholt v. Indep. School Dist. No. 2, Tulsa County, 1993 OK CIV APP 75, 852 P..2d 823.

[12] The Court notes that the result reached today is not inconsistent with the outcome of either Case No. 113,558 or No. CV-2003-10 from Noble County. See discussion pages 6-7.

[13] Kinzy v. State ex. rel. Oklahoma Firefighters Pension and Retirement System, 2001 OK 24, ¶11, 20 P.3d 818.

[14] Sullivan v. Buckhorn Ranch Partnership, 2005 OK 41, ¶16, fn 12, 119 P.3d 192.

[15] McVay v. Rollings Const. Inc., 1991 OK 102 ¶8, 820 P.2d 1331; Special Indemnity Fund v. Barnes, 1967 OK 216, ¶7, 434 P.2d 218.

[16] Resolution Trust Corp. v. Grant, 1995 OK 68, ¶8, 901 P.2d 807; Lake v. Lietch, 1976 OK 45, ¶13, 550 P.2d 935; Hoskins v. Steven, 1947 OK 311,¶8, 185 P.2d 911.

[17] McVay v. Rollings Const. Inc., 1991 OK 102 ¶7, 820 P,2d 1331. In other words, when the litigant first could have maintained an action to successful conclusion. Digital Design Group, Inc., v. Information Builders, 2001 OK 21, ¶19, 24 P.3d 834; MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Inc, 1991 OK 87, ¶13, 818 P.2d 469.

[18] Resolution Trust Corp. v. Grant, see note 16, supra; Samuel Roberts Noble Found., Inc. v. Vick, 1992 OK 140, ¶29, 840 P.2d 619; Reynolds v. Porter, 1988 OK 88 ¶6, 760 P.2d 816.

[19] Resolution Trust Corp. v. Grant, see note 16 supra. The question of whether the discovery rule is applicable to a cause is generally depends upon the facts of the particular case. See, Woods v. Prestwick House, Inc, 2011 OK 9, ¶25 , 247 P.3d 1183. The applicability of the discovery rule to professional negligence actions is a judicial determination which must be made on a case by case basis. Lovelace v. Keohane, 1992 OK 24, ¶25, 831 P.2d 624.

[20] Resolution Trust Corp. v. Grant, see note 16, supra.

[21] Resolution Trust Corp. v. Grant, see note 16, supra.

[22] Recording instrument in county where land is situated constitutes constructive notice. Berryman v. Producers Corp. of Nevada,, 1952 OK 48,¶0, 240 P.2d 111.

[23] Some states use language making such statutes applicable to those "whose duty it is to search the record." Ala. Code §35-4-63; Craig v. Craig, 372 So.2d 16, 21 (Ala. 1979). Other states apply it to "all persons" [Ark. Code Ann. §14-15-404 (West); Markham v. Markham, 80 Hawai'i 274, 909 P.2d 602 (1996); Kiowa Code Ann. §558.55; Kan. Stan. Ann. §58-2222] and still others apply it to "all the world." [Conn. Gen Stat. Ann. §47-17 (West); Byer v. McGuire Properties, Inc., 285 Ga. 530, 679 S.E.2d 1 (2009); N.M. Sta. Ann. §14-9-2 (West); Strong v. Clark, 56 Wash. 2d 230, 352 (196).]. The object of such statutes, regardless of the precise language used, is to require the public to act with the presumption that recorded instruments exist and are genuine. See, Lewis v. State, 32 Ariz. 182, 256 P. 1048 (1927). The object of the registry laws in providing recordation of an instrument is to afford 'notice of its contents, and of all rights, title, and interest, legal or equitable, created by or embraced within it, to every person subsequently dealing with the subject matter whose interest or duty it is to make a search of the record. Conly v. Indus. Trust Co. 27 Del. Ch. 28, 29 A.2d 601, 602 (1943). The statutory recording requirement for validity of an interest in real property provides notice to the public of a conveyance of or encumbrance on real estate and serves to protect both those who already have interests in land and those who would like to acquire such interests. C.F. Investments, Inc. v. Option One Mortg. Corp. 163 N.H. 313 42 A.3d 847 (2012).

[24] Title 12 O.S. 2011 §95, see notes 6-7, supra.

[25] City of Arora v. Bechtel Corp., 599 F.2d 382, 387 (10th Cir. 1979).

[26] Lee v. Phillips & Lomax Agency, Inc., 2000 OK 65, ¶9, 11 P.3d 632.

[27] McVay v. Rollings Const. 1991 OK 102, ¶10, 820 P.2d 1331.

[28] Seitz v. Jones, 1961 OK 300, ¶12, 370 P.2d 300.

[29] Continental Oil Co. v. Williams, 1952 OK 303, ¶9, 250 P.2d 439.

[30] Harper-Turner Oil Co., v. Bridge, 1957 OK 124, ¶5, 311 P.2d 947.

[31] Smith v. Johnston, 1978 OK 142, ¶15, 591 P.2d 1260. The Court of Civil Appeals has also determined that the discovery rule applied to negligent exposure to an infectious disease. Sloan v. Canadian Valley Animal Clinic, Inc, 1985 OK CIV APP 39, ¶4, 719 P.2d 474.

[32] Woods v. Prestwick House, Inc., 2011 OK 9, ¶28, 247 P.3d 1183; Digital Design Group, Inc. v. Information Builders, Inc., 2001 OK 21, ¶18, 24 P.3d 834.

[33] Smith v. Baptist Foundation of Oklahoma, 2002 OK 57, ¶¶7-8, 50 P.3d 1132.

[34] Kordis v. Kordis, 2001 OK 99, ¶3, fn.3, 37 P.3d 866.

[35] In re 1973 John Deere 4030 Tractor, 1991 OK 79, ¶10, 816 P.2d 1126.

[36] For example, in Cunnius v. Fields, 1969 OK 8, ¶7, 449 P.2d 703, the Court held the statute of limitations inapplicable to a mutual mistake as to the amount of mineral interests actually inherited. The deed to transfer such interest was filed before the abstract of the property had been seen by the grantors, and grantors were under mistaken belief that they inherited 1/4th mineral interest rather than the ½ that they actually inherited. Other cases in which the actual amount described in the reservation clause was not the amount intended. These cases are likewise distinguishable on their facts. See, Maloy v. Smith, 1959 OK 69, ¶9, 341 P.2d 912 (The court held that reformation of the deed was barred by the statute of limitations because defendant was on notice of plaintiff's claim for eight years. But the court noted that the statute would have been tolled if a person seeking to remove a cloud from title is in continuous possession of the land in question.); Good v. Cohlmia, 1958 OK 230, ¶5, 330 P.2d 588 (Tolling the statute of limitations because defendant accepted 50% of lease payments for years, leading plaintiff to believe each party owned half of the mineral rights despite a typographical error indicating plaintiff owned 1/16.) Still others involve reformation of trust instruments or mortgage notes, or are cases in which the grantee bought and paid for the property and took possession of it and the grantor subsequently executed a mineral deed to another person. See, Harrison et al. v. Eaves, 1942 OK 339, ¶3, 130 P.2d 941 (Tolling the statute of limitations and allowing the heir of a trustee to reform a trust agreement because the trustee had performed the duties of his trust while alive in regards to the subject real property, despite a typographical error in the trust agreement referring to real property not owned by either party.); Crabb et al. v. Chisum et al, 1938 OK 402, ¶16, 80 P.2d 653 (The court allows for reformation of a deed due to mutual mistake, but there is no statute of limitations defense.); and Staub et al. v. Swaim, 1956 OK 17, ¶7, 296 P.2d 147 (Statute of limitations defense was not pleaded by defendant and thus waived. The Court held that when two grantees receive from a common grantor, the recording of a deed by the second grantor does not provide notice to the first grantor if the first has paid for the property, received an executed conveyance, and taken possession of the property before the second records.).

[37] Other cases have reached similar results. Ford et al. v. Perry, 1917 OK 465, ¶12, 168 P. 221, another illiterate seller was tricked into signing a deed that was purported to be a rental contract. Even when fraud is alleged, the filing of a real property transaction of record may serve to establish constructive notice thereby triggering the statute of limitations to run. For example, in Mattewson v. Hilton, 1958 OK 6, ¶2, 321 P.2d 396, the plaintiff was to be given property pursuant to a will and when the decree of distribution was entered was not distributed as the plaintiff understood it would be, the plaintiff was precluded by constructive notice of the filing of the decree of distribution.

[38] The duty to read and know the terms of a document before signing it has long been recognized. See, Globe & Rutgers Fire Ins. Co. v. Roysden, 1953 OK 644, ¶8, 258 P.2d 644 [It is the duty of the assured to read and know the conditions of the policy before he accepts it and where he fails and neglects to do so he is estopped from denying knowledge of its terms and conditions unless he alleges and proves that he was induced not to read the policy by some trick or fraud of the other parties].

[39] County land records for Noble County are available at https://okcountyrecords.com at any hour of the day or any day of the week.

[40] Furthermore, the Court stated in Whitman v. Harrison, 1958 OK 141, ¶¶13-16, 327 P.2d 680 that:

. . . 'To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty.'

¶14 We have not overruled that decision and the rule thereof stands and was followed by the trial court.

¶15 That rule was followed in Cutright v. Richey, 208 Okl. 413, 257 P.2d 286 , 287, where, in syllabus paragraph 4 we held:

'A grantor in a deed in presumed to have made all the reservations he intended to make and he is not permitted to derogate from his grant by showing that some reservation was intended but not expressed. [16 Am.Jur. Deeds, Sec. 406; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291].'

¶16 That rule was implemented and applied in Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979 , 981, where this court said:

'The deed not being ambiguous governs and controls as to intention, * *. There is nothing whatever in this deed to satisfy the rule that the deed must clearly express the reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance.' . . .

[41] Nothing expressed herein affects those cases in which fraud or concealment by a defendant has tolled the limitation period. Sammuel Roberts Noble Foundation, Inc. v. Vick, 1992 OK 140, ¶26, 840 P.2d 619.

[42] Woods v. Prestwick House, Inc., 2011 OK 9, ¶14, 247 P.3d 1183.

[43] Title 16 O.S. 2011 §53 provides in pertinent part:

A. A recorded signed document relating to title to real estate creates a rebuttable presumption with respect to the title that:
1. 1. The document is genuine and was executed as the voluntary act of the person purporting to execute it;
2. The person executing the document and the person on whose behalf it is executed are the persons they are purported to be and the person executing it was neither incompetent nor a minor at any relevant time;
3. Delivery occurred notwithstanding a lapse of time between dates on the document and the date of recording;
4. Any necessary consideration was given; . . .






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2016 OK 104, CALVERT v. SWINFORD
Discussed at Length
 2016 OK 105, CALVERT v. SWINFORD
Discussed at Length


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1993 OK CIV APP 75, 852 P.2d 823, 64 OBJ 1771, Overholt v. Independent School Dist. No. 2, Tulsa County
Cited
 2007 OK CIV APP 114, 172 P.3d 228, HORN v. HORN
Discussed
 2010 OK CIV APP 66, 239 P.3d 160, PANGAEA EXPLORATION CORP. v. RYLAND
Discussed at Length
 1985 OK CIV APP 39, 719 P.2d 474, 56 OBJ 2749, Sloan v. Canadian Valley Animal Clinic, Inc.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 89, 747 P.2d 932, 58 OBJ 2676, Panhandle Royalty Co. v. Farni
Cited
 1988 OK 88, 760 P.2d 816, 59 OBJ 1987, Reynolds v. Porter
Discussed
 1991 OK 79, 816 P.2d 1126, 62 OBJ 2437, In re 1973 John Deere 4030 Tractor
Discussed
 1991 OK 87, 818 P.2d 469, 62 OBJ 2744, MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Inc.
Discussed
 1991 OK 102, 820 P.2d 1331, 62 OBJ 3001, McVay v. Rollings Const., Inc.
Discussed at Length
 1992 OK 24, 831 P.2d 624, 63 OBJ 458, Lovelace v. Keohane
Discussed
 1992 OK 140, 840 P.2d 619, 63 OBJ 2931, Samuel Roberts Noble Foundation, Inc. v. Vick
Discussed at Length
 1938 OK 402, 80 P.2d 653, 183 Okla. 138, CRABB v. CHISUM
Discussed
 2001 OK 21, 24 P.3d 834, 72 OBJ 640, DIGITAL DESIGN GROUP, INC. v. INFORMATION BUILDERS
Discussed at Length
 2001 OK 24, 20 P.3d 818, 72 OBJ 824, KINZY v. STATE ex. rel. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM
Discussed
 1915 OK 354, 148 P. 709, 46 Okla. 683, SHOAT v. OLIVER
Cited
 1915 OK 502, 150 P. 116, 48 Okla. 354, WEBB et al. v. LOGAN et al.
Cited
 1947 OK 311, 185 P.2d 911, 199 Okla. 297, HOSKINS v. STEVENS
Discussed
 1952 OK 48, 240 P.2d 1111, 206 Okla 24, BERRYMAN v. PRODUCERS CORP. OF NEVADA
Cited
 1952 OK 303, 250 P.2d 439, 207 Okla 501, CONTINENTAL OIL CO. v. WILLIAMS
Discussed
 1953 OK 126, 257 P.2d 286, 208 Okla 413, CUTRIGHT v. RICHEY
Discussed
 1953 OK 184, 258 P.2d 644, 208 Okla 660, GLOBE & RUTGERS FIRE INS. CO. v. ROYSDEN
Cited
 1956 OK 17, 292 P.2d 408, ROBERTS v. BD. OF TRUSTEES, FIREMEN'S R. & P. FUND
Cited
 1956 OK 97, 296 P.2d 147, STRAUB v. SWAIM
Cited
 1957 OK 124, 311 P.2d 947, HARPER-TURNER OIL COMPANY v. BRIDGE
Discussed
 2001 OK 99, 37 P.3d 866, 72 OBJ 3420, KORDIS v. KORDIS
Discussed
 1917 OK 465, 168 P. 221, 66 Okla. 150, FORD et al. v. PERRY.
Discussed
 1958 OK 6, 321 P.2d 396, MATTHEWSON v. HILTON
Discussed
 1958 OK 141, 327 P.2d 680, WHITMAN v. HARRISON
Discussed
 1958 OK 230, 330 P.2d 588, GOOD v. COHLMIA
Discussed
 1959 OK 69, 341 P.2d 912, MALOY v. SMITH
Discussed
 1909 OK 4, 99 P. 638, 23 Okla. 56, BOARD OF COM'RS OF GARFIELD COUNTY v. RENSHAW
Discussed
 1967 OK 216, 434 P.2d 218, SPECIAL INDEMNITY FUND v. BARNES
Discussed
 2002 OK 57, 50 P.3d 1132, SMITH v. BAPTIST FOUNDATION OF OKLAHOMA
Discussed
 1968 OK 89, 442 P.2d 291, AMERICAN PARTY v. STATE ELECTION BOARD
Cited
 1969 OK 8, 449 P.2d 703, CUNNIUS v. FIELDS
Discussed
 1995 OK 68, 901 P.2d 807, 66 OBJ 2131, Resolution Trust Corp. v. Grant
Discussed
 1961 OK 300, 367 P.2d 1010, GAZIN v. PAN AM. PETROLEUM CORP.
Cited
 2005 OK 41, 119 P.3d 192, SULLIVAN v. BUCKHORN RANCH PARTNERSHIP
Discussed
 2011 OK 9, 247 P.3d 1183, WOODS v. PRESTWICK HOUSE, INC.
Discussed at Length
 1976 OK 45, 550 P.2d 935, LAKE v. LIETCH
Discussed
 1978 OK 142, 591 P.2d 1260, SMITH v. JOHNSTON
Discussed
 1961 OK 283, 370 P.2d 300, SEITZ v. JONES
Cited
 2000 OK 65, 11 P.3d 632, 71 OBJ 2359, LEE v. PHILLIPS & LOMAX AGENCY, INC.
Discussed
 1943 OK 293, 147 P.2d 979, 194 Okla. 36, KASSNER v. ALEXANDER DRUG CO.
Discussed
 1942 OK 339, 130 P.2d 841, 191 Okla. 453, HARRISON v. EAVES
Cited
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Discussed at Length
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Discussed
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 16, Constructive Notice
Cited
 16 O.S. 53, Evidentiary Effect of Recorded Document
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 30.5, Opinions - Publications
Cited