OSCN Found Document:CALVERT v. SWINFORD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CALVERT v. SWINFORD
2016 OK 104
Case Number: 115015
Decided: 10/11/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 104, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

LISA D. CALVERT and TERESA ROPER, Plaintiffs,
v.
WAYLAND GUY SWINFORD AND DAWN ELYNN SWINFORD; NOCONA L. CARTER, AND BRIAN L. CARTER, ROGER D. WARDEN AND SUSAN WARDEN, BRANDON VAUGHN AND SERRA VAUGHN, FIRST NATIONAL BANK, JEREMY D. WOODS, CHRISTY S. WOODS, BLACK BEAR CREEK ENERGY COMPANY, LLC., ROUTE 66 MINERALS, L.P., SUNDOWN ENERGY, L.P. AND HIGHMOUNT EXPLORATION & PRODUCTION, LLC., Defendants,
and
LISA D. CALVERT and TERESA ROPER, Plaintiffs/Appellants,
v.
MKB Royalty Corporation, Randee Koger, and Bremyer & Wise, LLC., Defendants,
and
RANDEE KOGER, and WISE & REBER, LLC., Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF NOBLE COUNTY

Honorable Phillip A. Ross, Trial Judge

¶0 The plaintiffs/appellants, sisters, sold real property in Noble County, but allegedly intended to keep their mineral interests in the property. Some twelve years after the deeds were filed, the sisters realized that mineral interests were not reserved and they filed a lawsuit for negligence against the defendants/appellees, the lawyer who drafted the deeds, and his law firm. The defendants filed a motion for summary judgment arguing that the lawsuit was untimely, and the trial court agreed and granted summary judgment. We retained the appeal in No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d __, which concerned the abstract company which handled the closing. We retained this cause, concerning the lawyer and law firm, to address the same dispositive issue of whether the statute of limitations for an action brought by a grantor begins to accrue when a deed is filed with the county clerk. We hold it does pursuant to our decision in 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

David R. Cordell, Hayley N. Stephens, Tulsa, Oklahoma, for Plaintiffs/Appellants.
Clinton D. Whitworth, Brandon P. Wilson, Oklahoma City, Oklahoma, for Defendants/Appellees.

KAUGER, J.:

¶1 We retained this cause to address the dispositive issue of whether the statute of limitations for an action brought by a grantor begins to accrue when a deed is filed with the county clerk. We hold that it does pursuant our decision in 114,957, Calvert v. Swinford, 2016 OK 100, ___ P.3d ___.

FACTS

¶2 The facts of this cause are the same as our recent decision in No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___. However, this cause concerns the summary judgment which was granted in favor of Randee Kroger, the Kansas attorney who handled the property transactions, and his McPherson, Kansas, law firm, Bremyer & Wise. On April 25, 2016, the court filed an order granting summary judgment to the lawyer and law firm, also determining that the deeds previously described in No, 114,957, gave the grantors constructive notice of any alleged mistake when they were filed of public record. Consequently, any claims of reformation and/or negligence were precluded by the long expired statute of limitations for either claim. The trial court also directed the filing of a final journal entry of judgment pursuant to 12 O.S. 2011 994(a).[1]

¶3 On May 20, 2016, the grantors appealed, arguing that summary judgment was premature because fact questions exist as to whether the statute of limitations had run. On appeal, the lawyer and law firm raise the same arguments which were raised in No. 114,597. We retained this cause on June 7, 2016, to address same statute of limitation issue. We hold that this cause is governed by our recent holding in No. 114,957, Calvert v. Swinford, 2016 OK 100, _ P.3d _ and that holding is dispositive. The statute of limitations for a negligence action brought by a grantor begins to accrue when the deed, which allegedly neglected to reserve mineral interests, is filed with the county clerk.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ., concur.

COMBS, V.C.J., not participating.

REIF, C.J., not voting.

FOOTNOTES

[1] Title 12 O.S. 2011 994(a) provides:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2016 OK 108, SCOTT v. PETERS
Discussed at Length


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2016 OK 100, CALVERT v. SWINFORD
Discussed at Length